

**KENYON & KENYON LLP**
Intellectual Property Law

Mimi K. Rupp
Direct 212.908.6202
mrupp@kenyon.com

One Broadway
New York, NY 10004-1050
212.425.7200
Fax 212.425.5288

April 14, 2008

**By Hand**

Honorable Kimba M. Wood
Chief U.S. District Judge
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1610
New York, NY 10007

    Re:  *Roochi Traders Incorporated v. Tip Top Tees Inc. et al.*
          *Civil Action No. 08-CV-3544*

Dear Judge Wood:

    We represent Plaintiff Roochi Traders Incorporated ("Roochi") in the above referenced action. Your Honor's issued the attached *ex parte* Seizure Order on April 11, 2008 (Exhibit A).

    Based on our continued investigation conducted over the weekend, we have identified an additional warehouse address where Defendants may be storing Infringing Products:

        240 Murrayhill Parkway East
        East Rutherford, New Jersey 07073

*[Handwritten annotation: Add this address to p. 6 of ex. A / KMW]*

SO ORDERED. N.Y., N.Y. 4-14-08

/s/ Kimba M. Wood
KIMBA M. WOOD
U.S.D.J.

New York    Washington, DC    Silicon Valley    www.kenyon.com

Honorable Kimba M. Wood
April 14, 2008
Page 2 of 2



    Accordingly, Plaintiff respectfully requests that the above address be explicitly added to the Order for ease of effectuating the Order with law enforcement, as Plaintiff intends to execute the Seizure Order tomorrow at the above-referenced location, in addition to the locations set forth in the April 11, 2008 Seizure Order. Thank you for your consideration.

                                                  Very truly yours,

                                                  Mimi K. Rupp

Enclosure

cc:    Michelle Mancino Marsh, Esq.

                                                SO ORDERED:


                                                _____
                                                Judge Kimba M. Wood
                                                United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROOCHI TRADERS INCORPORATED,<br><br>*Plaintiff,*<br><br>-against-<br><br>TIP TOP TEES INC., GLAMOUR LINE INC., GLAMOUR (USA), INC., ALPHA MERCHANDISING CORP., ROSE DEAL, INC., HARYASH PAUL, MOHAMMED RAHMAN, MOHAMMED FAROQUE, JOHN DOES 1-10, JANE DOES 1-10, and XYZ COMPANIES 1-10,<br><br>*Defendants.* | 08 CV 3544<br>CIVIL ACTION NO.<br><br>[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION<br><br>[FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116] |

Plaintiff Roochi Traders Incorporated (hereinafter referred to as "Plaintiff") having moved *ex parte* against Defendants Tip Top Tees Inc., Glamour Line Inc., Glamour (USA), Inc., Alpha Merchandising Corp., Rose Deal, Inc., Haryash Paul, Mohammed Rahman, Mohammed Faroque, John Does 1-10, Jane Does 1-10, and XYZ Companies 1-10 (collectively, hereinafter referred to as "Defendants") for a temporary restraining order, seizure order, asset restraining order, expedited discovery order and order to show cause for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984) and the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996) (the "Lanham Act"), for the reason that Defendants are distributing, offering for sale and/or selling goods bearing counterfeit reproduction of Plaintiff's federally registered trademark as set forth in Plaintiff's complaint filed concurrently herewith and incorporated herein by reference ("Plaintiff's Mark"), which is owned and controlled by Plaintiff and used only in

connection with products listed in Plaintiff's Complaint and incorporated herein by reference ("Plaintiff's Products"), and the Court having reviewed the complaint, memorandum of law, supporting declarations and exhibits submitted herewith, finds:

1. Plaintiff is likely to succeed in showing Defendants have used and are continuing to use counterfeits or infringements of Plaintiff's Mark in connection with the distribution, offer for sale and/or sale of merchandise, including t-shirts ("Defendants' Infringing Products");

2. The distributing, offering for sale and/or selling of Defendants' Infringing Products will result in immediate and irreparable injury to Plaintiff if seizure of Defendants' Infringing Products and the records pertaining thereto is not ordered;

3. Defendants, or other persons acting in concert with Defendants, would likely destroy, move, hide or otherwise make the Defendants' Infringing Products and business records relating thereto inaccessible to the Court if Plaintiffs were to proceed on notice to Defendants, thus frustrating the ultimate relief Plaintiff seeks in this action;

4. Plaintiff's harm from denial of the requested *ex parte* seizure order would outweigh the harm to Defendant's legitimate interests from granting such an order;

5. Plaintiff has represented that it has not publicized the requested seizure order;

6. Plaintiff has provided the United States Attorney with reasonable notice of this application for an *ex parte* seizure ~~order~~ [known?];

7. Plaintiff has demonstrated to the best of its knowledge and information the location(s) at which Defendant is offering for sale and/or selling Defendant's Infringing Products, at which locations Defendant also is likely to be holding the business records relating thereto; and

8. Entry of an order other than an *ex parte* seizure order would not adequately achieve the purposes of the Lanham Act to preserve Plaintiff's remedies [*remedy* struck through] for trademark counterfeiting, including, *inter alia*, destruction of Defendants' Infringing Products, the acquisition of the business records relating to Defendants' Infringing Products, and an award to Plaintiff of lost profits or damages;

9. Plaintiff has demonstrated that Defendants may take action to transfer their assets and thus avoid an accounting of Defendants' profits from their unlawful activities.

THEREFORE, IT IS HEREBY ORDERED that Defendants Tip Top Tees Inc., Glamour Line Inc., Glamour (USA), Inc., Alpha Merchandising Corp., Rose Deal, Inc., Haryash Paul, Mohammed Rahman, Mohammed Faroque, John Does 1-10, Jane Does 1-10, and XYZ Companies 1-10 show cause on or before the 25th day of April 2008 at 11:00 a.m. or as soon thereafter as counsel can be heard, in Courtroom 15B in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, why an Order pursuant to Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act should not be entered granting Plaintiff a preliminary injunction as follows:

A. Enjoining and restraining Defendants, their officers, agents, servants and employees and any persons in active concert or participation with them from:

(1) using Plaintiff's Mark or any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Mark in connection with the manufacture, distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiff, or in any manner likely to cause others to believe that Defendants' products are connected with Plaintiff or Plaintiff's genuine merchandise bearing Plaintiff's Mark; and

-3-

1501415v1

(2) passing off, inducing or enabling others to sell or pass off any t-shirts or other apparel or items which are not Plaintiff's genuine merchandise as and for Plaintiff's genuine merchandise; and

(3) committing any other acts calculated to cause purchasers and/or the general public to believe that Defendants' products are Plaintiff's genuine merchandise unless they are such; and

(4) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner apparel or other items falsely bearing Plaintiff's Mark, or any reproduction, counterfeit, copy or colorable imitation of same; and

B. Impounding, during the pendency of this action, t-shirts, other apparel and other items, including, without limitation, molds, labels, patches, printing devices, advertising, packaging and other materials and merchandise seized pursuant to the provisions of this Order.

C. Restricting the transfer of Defendants' assets pursuant to the provisions of this Order hereinafter set forth.

IT APPEARING to the Court that Defendants are distributing, offering for sale and/or selling Defendants' Infringing Products and will continue to carry out such acts unless restrained by Order of the Court, it is hereby:

ORDERED, that pending the hearing on Plaintiff's application for a preliminary injunction, Defendants, including Defendants Tip Top Tees Inc., Glamour Line Inc., Glamour (USA), Inc., Alpha Merchandising Corp., Rose Deal, Inc., Haryash Paul, Mohammed Rahman, Mohammed Faroque, John Does 1-10, Jane Does 1-10, and XYZ Companies 1-10, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation

1501415v1

with them, or having knowledge of this Order by personal service or otherwise be, and they are, hereby temporarily restrained from: (a) committing any of the acts set forth in subparagraphs (a)(1)-(4) - [illegible] ~~(a)(i)-(iv)~~ above; (b) moving, destroying, or otherwise disposing of any products, labels, or other items, merchandise or documents bearing, relating to or used for reproducing Plaintiff's Mark or any reproduction, counterfeit, copy or colorable imitation thereof; or (c) removing, destroying or otherwise disposing of any computer tapes or disks, business records or documents relating in any way to the manufacture, acquisition, purchase, distribution or sale of goods bearing Plaintiff's Mark or any reproduction, counterfeit, copy or colorable imitation thereof; ~~or (c) removing, destroying or otherwise disposing of any computer tapes or disks, business records or documents relating in any way to the manufacture, acquisition, purchase, distribution or sale of goods bearing Plaintiff's Mark or any reproduction, counterfeit, copy or colorable imitation thereof;~~ and it is further

ORDERED, that the United States Marshal for this District or any federal, state, county or law enforcement officers, assisted by one or more attorneys or agents of Plaintiff, is hereby authorized and directed to seize, impound and deliver to Plaintiff or its representatives (i) any and all unauthorized and unlicensed merchandise bearing Plaintiff's Mark as described above; (ii) the means for making same; (iii) the books and records relating thereto, including, but not limited to, records and data contained in electronic format on computers, servers, hard drives, zip drives and/or disks; and (iv) the containers or vehicles in which same are held or transported, which Defendants sell, attempt to sell or hold for sale, at all locations within this District and other Districts where Defendants' Infringing Products are sold, offered for sale, distributed, transported, manufactured and/or stored including, but not limited to:

    10 West 28th Street, 2nd Floor
    New York, New York 10001

1501415v1

-6-

>50-11 38th Street, 3rd Floor
>Long Island City, New York 11001
>
>1220 Broadway, Room 402
>New York, New York 10001
>
>17 Westmoreland Road
>Hicksville, New York 11801
>
>303 Fifth Avenue, No. 1608
>New York, New York 10016
>
>3302 Broadway
>Astoria, New York 11106
>
>108-46 63rd Avenue
>Forest Hills, New York 11375
>
>34 Giles Avenue
>Jersey City, New Jersey 07306

and it is further ORDERED, that the United States Marshal or other law enforcement officer(s) effecting such seizure shall employ whatever reasonable force is necessary to enter the premises owned, leased or controlled by Defendants or the location to be searched where Defendant's Infringing Products or labels and business records relating thereto may be found, and to inspect the contents of any computers, rooms, vehicles, closets, cabinets, containers, cases, desks or documents located at the identified locations or other premises controlled by Defendants; and it is further

ORDERED, that the United States Marshal or other law enforcement officer(s) effecting such seizure shall employ whatever reasonable force is necessary to seize Counterfeit Products that are offered for sale to Plaintiff's agents who attempt to purchase Counterfeit Products from Defendants; and it is further

1501415v1

ORDERED, that Plaintiff's agents shall promptly inspect all items seized and, if any items are found to be authorized products, such items are to be returned to Defendants within ~~ten (10)~~ ten (10) - KMW ~~twenty (20)~~ business days after the date this Order is executed; and it is further

ORDERED, that the search and seizure ordered herein may be photographed or videotaped for the purpose of authenticating and assisting in obtaining evidence and preventing any controversy regarding the activities and events occurring during said search and seizure; and it is further

ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction; and it is further

ORDERED, that any merchandise or means of making such merchandise or records and other items seized shall be appropriately tagged to permit identification; Defendants shall be given a receipt therefor; such merchandise, records or other items seized shall be impounded in the custody or control of Plaintiff or Plaintiff's agents as substitute custodian pending further order of the Court and shall be made available for inventory or inspection by the party from which it was seized or its counsel during normal business hours; and that any such records seized shall likewise be impounded and shall be subject to a protective order whereby access thereto shall be initially restricted to Plaintiff's counsel and Defendants and Defendants' attorneys of record, who shall all be permitted to inspect and copy such records, and such records shall be copied and the copies returned to Defendants within ~~twenty (20)~~ ten (10) - KMW days [business - KMW] of the date this Order is executed. This protective order, restricting access to such documents, shall expire on the date set forth above for the hearing on the Order to Show Cause whether or not said hearing occurs,

-7-

1501415v1

unless extended by Court order, so that at such hearing and thereafter the contents of such records may be revealed, unless otherwise ordered by this Court; and it is further

ORDERED, that within forty-eight (48) hours of the Order Plaintiff shall post a corporate surety bond, cash or a certified or attorney's check in the amount of five thousand dollars ($5,000) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure attempted seizure, or restraint hereunder; and it is further

ORDERED, that sufficient cause having been shown, the above seizure shall take place and service of this Order together with the Summons and Complaint, shall be made on Defendants personally, or by delivery to an adult of suitable age, at Defendants' place of business or residence or where Defendants are selling or holding for sale the items to be seized, and that such service shall be made and such seizure shall take place within ~~ten (10)~~ seven (7) business [KMW] days from the date of this Order or at such time as may be extended by this Court; and it is further

ORDERED, that Plaintiff's counsel file with the court ~~within ten (10) business days after the seizure is executed~~ on or before the 28th day of April 2008 at 12:00 p.m. [KMW] an affidavit or declaration stating the date on which the seizure was executed, whether goods and/or other materials were seized and a description thereof, and where the goods and/or other materials are stored; and it is further

ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants, including, but not limited to, Tip Top Tees Inc., Glamour Line Inc., Glamour (USA), Inc., Alpha Merchandising Corp., Rose Deal, Inc., Haryash Paul, Mohammed Rahman, Mohammed Faroque, John Does 1-10, Jane Does 1-10, and XYZ Companies 1-10, and their officers, servants, employees and agents and any

persons in active concert or participation with them, and any banks, savings and loan associations or other financial institutions, or agencies which engage in the transfer of real property, who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks or other assets of Defendants, without prior approval of the Court, except as to a Defendant that files with the Court and serves upon Plaintiff's counsel:

(1)   an accounting of any Defendant's assets having a value of two thousand dollars ($2000) or more, and the location and identity thereof; and

(2)   uncontradicted documentary proof accepted by Plaintiff, (such acceptance not to be unreasonably withheld) that particular assets are not proceeds of Defendants' counterfeiting activities, in which case those particular assets shall be released to such Defendant; and it is further

ORDERED, that upon telephonic notice to the Court and Plaintiff's counsel, any ~~and~~ [known] Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendant's assets, including the following modifications:

(1)   allowing payments for ordinary living expenses not to exceed two thousand dollars ($2,000) per month, with an accounting of such payments to be filed with the Court and provided to Plaintiff within ten (10) days following the end of each month;

(2)   allowing Defendant to pay ordinary, legitimate business expenses as follows:

    (a)   rent or mortgage in the amount normally paid as required in any lease or loan on any premises by such Defendant or company, upon presentation of said lease or loan document to Plaintiff's counsel and verification thereof;

1501415v1

(b)     ordinary and regular salaries to any *bona fide* employees, other than any of the Defendants themselves, or any relatives or dependents thereof, to the extent such salaries are not excessive; provided, however, that such salaries shall be paid to persons who were on the payroll of such Defendant as of the date of this Order, and such salaries do not exceed the prior month's level and further provided that Defendant shall first present to Plaintiff's counsel written documentation identifying and verifying all individuals proposed to be paid and the particulars of the salaries proposed therefor;

(c)     ordinary and necessary bills for utilities; ~~/KMW~~

(d)     payments of ~~any~~ amounts ~~less than two thousand ($2,000)~~ not to exceed an aggregate of more than five thousand dollars ($5,000) per month, for ordinary business expenses, which transfers shall be documented and this documentation provided to Plaintiff's counsel within ten (10) days following the end of each month;

(3)     Defendants shall provide Plaintiff's counsel with an accounting of all payments of living expenses, business expenses and any transfers of assets made pursuant to this Order within ten (10) days following the end of each month; and it is further

ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies thereof to the offices of Kenyon & Kenyon LLP, One Broadway, New York, New York 10004, Attention: Michelle Mancino Marsh, Esq., before __5:00__ ~~a.m.~~/p.m. on __April 22__, 2008. Any reply shall be filed and served by Plaintiff ~~at the hearing~~ before 12:00 p.m. on April 24, 2008 - KMW; and it is further

ORDERED, that discovery herein may begin immediately and Plaintiff be permitted, immediately after service of the Court's Order, to inspect and copy Defendants' records of the

- 10 -

1501415v1

purchase, manufacture, and sale of Defendants' Infringing Products and thereafter, to take depositions of the persons responsible for Defendants' business; and it is finally

ORDERED, that this action shall remain sealed by the Court until the date for hearing on the Order to Show Cause set forth above, at which time the Clerk shall remove the seal.

Defendants are hereby given notice that failure to attend the hearing scheduled herein shall result in confirmation of the seizure authorized herein, destruction or other disposition of the goods seized, if any, immediate issuance of the prayed-for Preliminary Injunction to take effect immediately upon expiration or dissolution of the within Temporary Restraining Order, and shall otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this Temporary Restraining Order. Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such Preliminary

1501415v1

Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

SO ORDERED:

Dated: __April 11, __, 2008
Time: 4:00 p.m.

_____
United States District Court Judge
Part I

Defendants may move to dissolve or modify the Temporary Restraining Order prior to the April 25, 2008 hearing. To make such a motion, Defendants must call the Court's chambers at 212-805-0258 to schedule a hearing. Any papers in support of such a motion, must be filed and served by Defendants 48 hours before the hearing on the motion to dissolve or modify the Temporary Restraining Order.

- 12 -