UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROOCHI TRADERS INCORPORATED,

    *Plaintiff,*

-against-

TIP TOP TEES INC., GLAMOUR LINE INC.,
GLAMOUR (USA), INC., ALPHA
MERCHANDISING CORP., ROSE DEAL,
INC., HARYASH PAUL, MOHAMMED
RAHMAN, MOHAMMED FAROQUE, JOHN
DOES 1-10, JANE DOES 1-10, and XYZ
COMPANIES 1-10,

    *Defendants.*

CIVIL ACTION NO. 08-cv-3544 (WHP)

DECLARATION OF SAJID ALI

I, Sajid Ali, hereby declare as follows:

1.     I am the Vice President of East Coast Operations for Roochi Traders Incorporated ("Roochi"). Roochi is a California corporation having its principal place of business at 6393 East Washington Boulevard, City of Commerce, California 90040. I have been employed by Roochi for the last ten years.

2.     I submit this declaration in support of Plaintiff's Reply Memorandum of Law in further support of Plaintiff's Motion for an Order to Show Cause for a Preliminary Injunction. The facts stated herein are based on my personal knowledge, review of company records, and/or facts told to me that I believe to be true. If called to testify regarding same, I could do so competently.

2

1. Inspection of the Counterfeit Product

3. On April 28, 2008, at counsel's office, I personally examined the counterfeit COTTON HERITAGE t-shirts (the "Counterfeit Products") that were seized at the Paul Defendants' premises on April 18, 2008. The Counterfeit Products I examined were black t-shirts (size 2XL). Upon examination of the inside label, it identifies a purchase order number "1927" and a factory number "8". True and correct photographs of the counterfeit COTTON HERITAGE t-shirt are attached hereto as Exhibit 1. Factory 8 is Humanoor Knitwear (Pvt.) Ltd., upon information and belief, one of the principals of which is Defendant Mohammed Ataur Rahman, the owner of Rose Deal, Inc., two of the named Defendants.

4. The purchase order number (No. 1927) corresponds to an order Roochi cancelled in April of 2007, over a year ago and Factory 8 had been terminated in July 2007.

5. Further, the plastic bag wrapping the Counterfeit Products listed a style number discontinued by Roochi (M10101l8R) as of January 2008. A true and correct copy of the bag is attached hereto as Exhibit 2. Upon inspection, the t-shirts appeared to be new product.

6. We stand by our belief that the t-shirts sold by the Paul-Defendants into the marketplace are Counterfeit Product based on the fact that (i) purchase order (No. 1927) had been cancelled over a year ago; (ii) to our knowledge no t-shirts were manufactured or authorized to be manufactured under purchase order No. 1927; (iii) Roochi has not authorized the manufacture of any of its goods at Factory 8 for almost 9 months; (iv) Roochi is the only entity authorized to manufacture and import COTTON HERITAGE t-shirts into the United States, a fact widely known in the industry and to the Paul-Defendants, a former customer of Roochi; and (v) the Counterfeit Products do not appear to be manufactured over a year ago.

3

II. **Roochi Will Suffer Continued Harm if the Restraining Order is Lifted**

7. Without the restraining order, Roochi will suffer losses that cannot be addressed by monetary damages alone. Since the week of March 17, 2008, I have been contacted by numerous distributors and customers who have been asking for a discounted rate due to the Paul-Defendants flooding the U.S. market from Florida to New York to Ohio with Counterfeit Products, which appear to be selling for $15-18 a dozen which $4-7 less than the price of genuine COTTON HERITAGE t-shirts, a substantial amount when selling 1800 dozen (e.g., a savings of $7,200 -12,600). Many of the Roochi distributors are frustrated because their customers are buying Counterfeit Products from Tip Top Tees under the false assumption that they are purchasing authentic goods. On or about the week of April 26, 2008, after the Order was served, a distributor told me that Mr. Paul is still selling counterfeit COTTON HERITAGE t-shirts and is boasting that Roochi's case against him will fail since only 90 dozen Counterfeit Products were seized. Because of Tip Top Tee's widespread dissemination of Counterfeit Products, our relationships with long-standing customers have been destroyed and the goodwill symbolized by Roochi's COTTON HERITAGE has been considerably damaged.

8. Roochi did not sell the Counterfeit Products to Mr. Paul. Since Roochi had to sue Mr. Paul's company, Glamour Line Inc., for its failure to pay an invoice from 2005, it will not sell to any of Mr. Paul's companies ("Paul-Defendants"). Roochi prevailed in its action against Defendant Glamour Line Inc. for non-payment. A true and correct copy of the January 24, 2008 judgment is attached hereto as Exhibit 3.

9. I am not certain if the product allegedly received by the Paul-Defendants from ALM General Trading, Inc. ("ALM") is authentic COTTON HERITAGE merchandise, although

4

in Rose Deal, Inc. boxes.

10.     Roochi did not authorize Tip Top Tees, Inc., Glamour Line Inc., Glamour (USA), Inc., Alpha Merchandising Corp., Rose Deal, Inc., Haryash Paul, Mohammed Rahman, nor Mohammed Faroque (collectively, "Defendants") to manufacture, distribute, sell or import any shirts bearing a counterfeit reproduction of the COTTON HERITAGE label. Defendants' Counterfeit Products are not genuine products manufactured by or for Roochi and Roochi did not inspect, package or approve the Counterfeit Products for sale or distribution. Roochi is not missing any shipments of its genuine COTTON HERITAGE t-shirts.

11.     A day after Roochi's counsel executed the seizure order, on or about April 18, 2008, I met with Anurag Chauhan, from A/S Apparel Bangladesh, and he informed me that the suppliers in Bangladesh would go "to any length in Bangladesh to take care of this. Anything could happen." When I asked him what he meant by "anything could happen," he told me that as a foreigner in Bangladesh anyone could do anything they wanted to such a foreigner without anyone noticing. I understood this to be a physical threat against Roochi management.

12.     Mr. Paul has indicated in his affidavit that he has and intends to continue to sell the unauthorized and Counterfeit Product. See Defendant's Answer, Paul Declaration, ¶ 10. The apparent source of the Counterfeit Product for the Paul-Defendants is Rose Deal, Inc. – the nature of the relationship between the Paul-Defendants and Rose Deal, Inc. appears to be a close

it is highly unlikely because it does not make any financial sense for ALM to sell a dozen t-shirts it purchased from Roochi at $19-20 a dozen to the Paul-Defendants, who in turn are selling the COTTON HERITAGE t-shirts for $$15-18 a dozen. In his declaration, Mr. Paul states that the 90 dozen COTTON HERITAGE t-shirts that were seized on April 17, 2008 were purchased from ALM. Moreover, the Counterfeit COTTON HERITAGE t-shirts seized on April 17, 2008 were

one based on the Paul-Defendants' submission of documents only available to Rose Deal and new information obtained by the investigator of a shared address between Rose Deal and the Paul-Defendants. See Ward Declaration, ¶ 8.

III. The Possible Manufacturing Source of the Counterfeit Product

13.     Roochi is continuing to investigate the manufacturing source of the Counterfeit Products but believes them to be related to the termination of an agent and factory owned by a principal of Defendant Rose Deal in Bangladesh. For approximately four years, A/S Apparel Solutions was Roochi's agent in Bangladesh in 2007. Anurag Chauhan, who works for A/S Apparel Solutions, placed orders for the manufacture of COTTON HERITAGE t-shirts under the authority and supervision of Roochi for importation into the U.S. for Roochi.

14.     In or about Spring 2007, Roochi notified Anurag Chauhan and A/S Apparel Solutions of its dissatisfaction with the production from Factory 8 because t-shirts were of unsatisfactory quality (for example, t-shirts were stained and/or fabric was piling), containers were contaminated, and orders were often delayed.

15.     On or about September 15, 2007, due to the above chronic issues, Roochi terminated its relationship with Anurag Chauhan and A/S Apparel Solutions and Factory 8, as well as any factories where he was producing our goods, the factory from which we believe the Counterfeit Products originate. We told him explicitly that we would not accept any shipments from him any later than October 30, 2007.

16.     Moreover, Mr. Paul's allegation that he believed the t-shirts to be the product of a joint venture between Rose Deal, Inc. and Roochi is completely false.

5

9

17. Cotton Heritage Ltd. was started as a potential joint venture between Roochi management, its former agent, the principals of Rose Deal, Inc. and Humatnoor Knitwear (Pvt.) Ltd./Factory 8. However, t had no funding, no employees, no offices, no activities, etc., and has never been operational due to the problems that were encountered by Roochi. Cotton Heritage Ltd. placed no orders for COTTON HERITAGE t-shirts, nor did it manufacture, produce, export or import any article of clothing nor did it have the authority or license to do so. Cotton Heritage Ltd. is not the source of any t-shirts.

18. Rose Deal is not, and has never been, an authorized importer, distributor, or seller of any genuine Cotton Heritage products.

19. Although Mr. Paul points to invoices from Roochi to Humatnoor Knitwear (Pvt.) Ltd., to allege that somehow his admitted purchases of COTTON HERITAGE t-shirts in March and April 2008 were legitimate, these invoices are from July 2007. It is implausible, if not impossible, that t-shirts imported in 2007 would be purchased by a distributor a year later. Common industry practice is that t-shirts imported during the Summer of 2007 would be completely distributed to retailers within a couple of weeks.

20. Lastly, Despite Mr. Paul's attempts to disparage me as an illegal alien, I am in the United States legally and have been issued a "green card." Moreover, Mr. Paul's scattershot approach to disparage Roochi's reputation is riddled with inaccuracies. For example, the so-called U.S. Customs "fraud" was merely a difference of opinion whether certain imported t-shirts should be classified as "sleepwear" or "underwear". Roochi paid the requested tariffs with respect to this shipment. Therefore, it is misrepresentation to state that Roochi was ever involved in a fraud upon the U.S. Customs and Border Protection.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Executed on this 30th day of April.

_____
Sajid Ali

7

# EXHIBIT 1





COUNTERFEIT COTTON HERITAGE TEE-SHIRT
Clockwise from top left: Full tee-shirt view, front tag, back tag

# EXHIBIT 2





PLASTIC BAG WRAPPING
Full and detail

# EXHIBIT 3

CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF NEW YORK   INDEX # 010126CVN 2007

ROOCHI TRADERS (NY) INC.
1201 BROADWAY, SUITE 803
NEW YORK, NY 10001
         Plaintiff,

-against-
                                      JUDGMENT
                                      [P821CLP]

GLAMOUR LINE INC.
1220 BROADWAY, SUITE 402
NEW YORK, NY 10001
        Defendant(s)   ATTORNEY FILE #076999GB

| | |
|---|---|
| Amount claimed in complaint | $13,173.50 |
| Interest "NYS INTEREST RATE 9% PER ANNUM" | $2,556.38 |
| TOTAL | $15,729.88 |
| Cost by Statute | $50.00 |
| Service of summons & complaint | $32.00 |
| Filing of summons and complaint | $45.00 |
| Fees on Execution | $40.00 |
| | $167.00 |
| TOTAL | $15,896.88 |

STATE OF NEW YORK, COUNTY OF ONONDAGA
The undersigned, attorney at law of the State of New York, the attorney of record for the plaintiff in the above entitled action, states that the disbursements above specified have been or will necessarily be made or incurred therein and are reasonable in amount; that the time of the defendant(s) GLAMOUR LINE INC. to appear and answer herein has expired and that said defendant(s) have not appeared and answered herein. The undersigned affirms this statement to be true under the penalties of perjury.
Dated: January 24, 2008

                                                      *Joel N. Melnicoff*
                                                      JOEL N. MELNICOFF
                                                      ATTORNEY FOR PLAINTIFF
                                                      622 UNIVERSITY BLDG
                                                      120 E. WASHINGTON ST
                                                      SYRACUSE, NY 13202

    JUDGMENT entered

    The Summons with Complaint in this action having been PERSONALLY SERVED ON GENERAL AGENT OF CORPORATION GLAMOUR LINE INC. on the above named defendant(s) on August 28, 2007, and the time of said defendant(s) to appear, answer or raise an objection to the complaint in point of law herein having expired, and said defendant(s) not having appeared, answered or raised an objection to the complaint in point of law.
    NOW, ON MOTION OF JOEL N. MELNICOFF attorney for the plaintiff it is
    ADJUDGED that ROOCHI TRADERS (NY) INC. , of 1201 BROADWAY, SUITE 803, NEW YORK, NY 10001, Plaintiff recover of GLAMOUR LINE INC. , residing at 1220 BROADWAY, SUITE 402, NEW YORK, NY 10001, Defendant(s) the sum of $13,173.50 with interest of $2,556.38 making a total of $15,729.88 together with $167.00 costs and disbursements, amounting in all to the sum of $15,896.88 and that plaintiff have execution therefor.

                                                            JACK BAER
                                                            _____ CLERK

CLIENT ACCT #66 & #       MAR 0 1 2008