UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

ROOCHI TRADERS INCORPORATED,

        Plaintiff,

  -against-                              CIVIL ACTION NO.
                                                        08-cv-3544 (WHP)

TIP TOP TEES INC., GLAMOUR LINE INC.,
GLAMOUR (USA), INC., ALPHA
MERCHANDISING CORP., ROSE DEAL,
INC., HARYASH PAUL, MOHAMMED
RAHMAN, MOHAMMED FAROQUE,
JOHN DOES 1-10, JANE DOES 1-10, &
XYZ COMPANIES,

        Defendants.

-----------------------------------------------------------------X

**<u>DECLARATION OF JAMES MONTGOMERY</u>**

    I, James Montgomery, hereby declare as follows:

1.    I am attorney of record to Defendant Haryash Paul in the above-captioned matter and to Defendants Tip Top Tees Inc., Alpha Merchandising Corp., and Glamour Line Inc. I am making this further declaration in response to the declaration of Sajid Ali, served May 2nd, 2008 at 4.50 p.m. and in opposition to the Plaintiff's motion for an Order to Show Cause for a Preliminary Injunction. I declare under penalty of perjury that the facts stated herein are based on my personal knowledge, review of my file or facts related to me which I believe to be true. If called upon to testify regarding the same I could do so competently.

2.    Sajid Ali's delaration of Exhibit 1 is simply an unsigned and undated computer-generated purchase order, numbered variously 77 and/or 1927. This document could have been made at any

time and, if contemporaneously created, produced at an earlier stage of these proceedings. Furthermore, this purchase order is simply between Plaintiff and A.S. Apparel. A.S. Apparel is, on information and belief, still the agent of Plaintiff in Bangladesh and it is very surprising that Plaintiff has not produced documents between its own agent and Humatnoor/Factory No. 8, showing conclusively that purchase order no. 1927 was cancelled. As the documents stand now, Exhibit 1 does not prove the cancellation of any order given to the manufacturer, Humatnoor/Factory 8.

3. There is a simple explanation for the absence of such documents - the purchase order was not cancelled. The words on the purchase order "Cancel: 05/05/07" do not, on information and belief, mean that the purchase order was actually cancelled on that date. One has to look at the document as a whole. The purchase order states that it was issued on "12/11/06" and also includes the words "Ex Factory: 05/05/07". On information and belief, "Ex Factory" means the latest date by which the manufactured goods are to leave the factory and be shipped by the Plaintiff's agent, A.S. Apparel to Plaintiff. The words "Cancel: 05/05/07" means that if the goods do not leave the factory and are shipped on that date (05/05/07) then the buyer has the <u>right</u> to cancel, subject to anything contained in the section marked "comments". On information and belief, such arrangements are common in the garment trade - obviously Plaintiff wanted its goods to be shipped by certain date, in this case "05/05/07". The date given "Cancel: 05/05/07" is to make sure the agent keeps to the timetable - it does not mean that the order was actually cancelled on that date. If one looks in the box marked comments there is reference to a "5 days grace period" and a "10% discount after 5 days". These are usual commercial terms. If one examines the letter of credit between Plaintiff and Humatnoor/Factory 8 (Paul declaration, April 28, Exhibit 3), there are clear references to these terms being applied to late shipments - see for

example, page 4 of Exhibit 3, 4 lines from bottom of page).

5.      Furthermore, if the purchase order no. 1927 was cancelled because Humatnoor/Factory 8's production quality was bad (see Sajid Ali, declaration April 30, para. 14) then it is incredible that Plaintiff has not provided an inspection report.  Again, on information and belief, these are common documents in the trade and one should exist if what Plaintiff says is true and accurate.  The letter of credit (ref. supra) makes clear such documents are routine - see again Exhibit 3 to Paul declaration of April 28, page 4 thereof, 21 lines from top of page: "SIGNED QUALITY CERTIFICATE IN ORIGINAL AND THREE COPIES".

6.      Humatnoor made further shipments to the Plaintiff, after the date of the alleged cancellation, which is also inconsistent with the allegation that the relationship was severed due to quality problems.  If one looks at Exhibit '3' to Paul's first declaration, April 28, 2008, there is a bill of lading from Humatnoor to Plaintiff, dated "25 AUG 2007" for order no. 306.  The letter of credit (Exhibit 3, Paul declaration, April 28, page 3) refers to "PO NO" (purchase order no.), and cites numbers 334, 306, 307, 279.  Defendant Paul does not have access to the entirety of the aforesaid letter of credit and therefore I cannot state whether it contains any reference to the cancellation of purchase order no. 1927 or not.  Certainly the portion I have seen does not refer at all to purchase order no. 1927.  The letter of credit is an important, independent third party document.

5.      Sajid Ali further claims in his declaration (May 2, para. 6.v) that he believes that no T-shirts were manufactured or authorized to be manufactured under purchase order no. 1927.  This is pure supposition on his part - to be weighed against all the shirts seized by Plaintiff bearing the order no. 1927 on their tags, together with the numeral '8' for Factory 8 and Ms. Rupp's concession on May 2nd (her letter) that the goods may simply be unauthorized.

6.  In her letter to the Court dated May 2, counsel for the Plaintiff, Mimi Rupp, Esq., now claims that the T-shirts seized from Defendant Paul were "unauthorized".  When this case started, the allegation made against Defendant Paul was that the T-shirts were counterfeit.  The Plaintiff's case is substantially altered because Defendant Paul exposed the background facts that the Plaintiff was intending to keep very quiet indeed - namely the relationship between Plaintiff and Humatnoor/Factory 8.  Plaintiff was initially silent about this relationship presumably because Plaintiff felt it tactically more advantageous simply to allege counterfeiting.  When Sajid Ali seized two shirts from West Side Socks on March 20, 2008 (his declaration of April 9, para.8), he must have known at that moment or very soon afterwards that the shirts were produced per purchase order no. 1927 because of the tags on the garments.  Accordingly, none of this came as any surprise to the Plaintiff yet Plaintiff chose to remain silent.

7.  Sajid Ali's declaration of May 2 is contradictory.  In paragraph 3 he states that order no. 1927 was cancelled in April 2007.  In the next paragraph he gives May 5, 2007 as the date of cancellation. Additionally, Sajid Ali has given a whole range of dates for the termination of the relationship between Plaintiff and Humatnoor/Factory 8.  In his declaration of April 30, he states at paragraph 2 that Factory 8 was "terminated in July 2007"; in the same declaration at paragraph 15, Sajid Ali gives September 15, 2007 as the date of termination.  It is submitted that it is hard to place confidence in a declarant who has, from the outset, cunningly omitted highly material facts and is inconsistent on matters of important detail.

8.  In paragraph 5 of his declaration of May 2, Sajid Ali produces an exchange of e-mails (Exhibit 2) which Plaintiff claims conclusively confirms the cancellation of the order no. 1927.  It is perhaps noteworthy that Sajid Ali has had the e-mails he now produces in his possession since April 29, 2008, so he could have exhibited them to his declaration dated April 30, 2008,

but chose not to. The e-mails, an exchange between Eric Wang at A.S. Apparel and Mickey Sachdeva of the Plaintiff, allegedly on or about July 4 or 5, 2007, refer only once to order no. 1927, as follows:

Sachdeva to Wang: "Ref. 1927/368 note that you kindly cancel this PO and follow the bottom schedule we created that we created last."

Wang to Sachdeva: "Noted these two POs been cancelled."

9.     The "bottom schedule" referred to is not included in the e-mail and the text of Wang's last e-mail in the exchange ("subject information on 1590") is also not included in Exhibit 2. Again, there is simply no evidence, beyond what Wang allegedly wrote in one e-mail to Plaintiff, that purchase order no. 1927 was actually cancelled and that this cancellation was actually communicated to the manufacturer, Humatnoor/Factory 8. The dates on the e-mails are meaningless. A date on an e-mail does not prove that it was sent that day. If one adjusts the date clock on one's computer, one can produce e-mails showing whatever date one wishes. It is a very simple matter. If two computers' clocks are reset, an ostensibly genuine exchange of e-mails can be created between them, which will bear a false date. Only an examination of a computer's hard drive proves when a particular e-mail was sent.

11.    If the Plaintiff does not prove cancellation of purchase order no. 1927 to the Court's satisfaction, it is respectfully submitted that such a finding should dispose of Plaintiff's application, especially when it is noted how Plaintiff has drip-fed the Court the facts as it judges in its own interest. However, even if Plaintiff proves cancellation of the order, the high likelihood, given Plaintiff's own document (Sajid Ali, declaration May 2, Exhibit 1) is that the goods had been manufactured at latest by May 5, 2007, prior to any alleged cancellation, or at least contemporaneous with it. In such circumstances, the goods cease to be counterfeit

merchandise and the question then becomes whether they were "unauthorized", as Ms. Rupp's letter of May 2 appears to concede.   Respectful reference is made to the accompanying Memorandum of Law.  Plaintiff has put no evidence before the Court of any complaints made as to the quality of the COTTON HERITAGE goods allegedly sold by Defendant Paul, apart from what Sajid Ali stated about the two shirts he obtained from West Side Socks, see Sajid Ali declaration of April 9, paragraph 10. There is no evidence before the Court of any consumer confusion or complaint about the quality of any merchandise allegedly sold by Defendant Paul, the contrary in fact.  Plaintiff complains that its price is undercut and that it has lost trade, with its retailers positively clamoring for Defendant Paul shirts - see Sajid Ali declaration April 9, paragraph 15.  Section 32 of the Lanham Act does not exist to provide a remedy for financial harm caused by "passing off" - that remedy lies at common law.  On the record before the Court, there is no sign of any damage to the reputation of the trademark (leaving aside the puffery of Sajid Ali) and there is no credible evidence before the Court of the sale of a materially inferior product as would tend to damage the reputation of the trademark.

Executed on this 5th day of May 2008

_____S/_____
JAMES MONTGOMERY