UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

ROOCHI TRADERS INCORPORATED,

        Plaintiff,

  -against-                              CIVIL ACTION NO.
                                              08-cv-3544 (WHP)

TIP TOP TEES INC., GLAMOUR LINE INC.,
GLAMOUR (USA), INC., ALPHA
MERCHANDISING CORP., ROSE DEAL,           **ANSWER**
INC., HARYASH PAUL, MOHAMMED
RAHMAN, MOHAMMED FAROQUE,
JOHN DOES 1-10, JANE DOES 1-10, &
XYZ COMPANIES,

        Defendants.

------------------------------------------------------------------X

     **Defendants** TIP TOP TEES INC., GLAMOUR LINE INC., ALPHA MERCHANDISING CORP., HARYASH PAUL, by their attorneys, answer the complaint herein as follows:

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.
2. Defendants admit the allegations contained in Paragraph 2.
3. Defendants admit the allegations contained in Paragraph 3, save that it is denied that the acts of Haryash Paul are also the acts of the corporate defendant.
4. Defendants admit the allegations contained in Paragraph 4, save that it is denied that the acts of Haryash Paul are also the acts of the corporate defendant.
5. Defendants admit the allegations contained in Paragraph 5, save that it is denied that the acts of Haryash Paul are also the acts of the corporate defendant.
6. Defendants admit the allegations contained in Paragraph 6, save that it is denied that the acts of Haryash Paul are also the acts of the corporate defendant.

7. Defendants admit on information and belief that Rose Deal, Inc., has a place of business located at 3302 Broadway, Astoria, New York 11106, but deny knowledge sufficient to form a belief as to whether aforesaid entity is incorporated in the State of New York.

8. Defendants deny knowledge sufficient to form a belief as to whether the person referred to as Mohammed Rahman is in fact conducting business at 3302 Broadway, Astoria, New York 11106.

9. Defendants deny knowledge sufficient to form a belief as to whether the person referred to as Mohammed Faroque is in fact conducting business at 3302 Broadway, Astoria, New York 11106.

10. Defendants deny knowledge sufficient to form a belief as to the allegations contained paragraph 10.

11. Defendants deny knowledge sufficient to form a belief as to the allegations contained paragraph 11.

12. No response is required to paragraph 12.

13. Defendants admit that this action has been brought on the basis stated but deny any allegations of fact whether express or implied.

14. Defendants admit that this action has been brought on the basis stated but deny any allegations of fact whether express or implied.

15. Defendants admit paragraph 15.

16. Defendants admit paragraph 16.

17. Defendants deny knowledge sufficient to form a belief as to the allegations contained paragraph 17.

18. Defendants on information and belief admit the allegations made in paragraph 18.

19. Defendants on information and belief admit the allegations made in paragraph 19 but make no admission as to any question of law.

20. Defendants deny knowledge sufficient to form a belief as to the allegations contained paragraph 20.

21. Defendants deny knowledge sufficient to form a belief as to the allegations contained paragraph 21.

22. Defendants deny all allegations contained in paragraph 22, save that Defendants admit trade in genuine COTTON HERITAGE T-shirts to the extent previously admitted in the declarations of Defendant Haryash Paul, dated April 28, 2008 and May 5, 2008.
23. Defendants deny allegations contained in paragraph 23.
24. Defendants deny allegations contained in paragraph 24.
25. Defendants deny allegations contained in paragraph 25.
26. Defendants deny allegations contained in paragraph 26.
27. Defendants deny allegations contained in paragraph 27.
28. Defendants deny allegations contained in paragraph 28.
29. Defendants deny allegations contained in paragraph 29.
30. Defendants deny allegations contained in paragraph 30.
31. Defendants deny allegations contained in paragraph 31.
32. Defendants repeat their responses to paragraphs 1 through 31.
33. Defendants deny allegations contained in paragraph 33.
34. Defendants deny allegations contained in paragraph 34.
35. Defendants deny allegations contained in paragraph 35.
36. Defendants deny allegations contained in paragraph 36.
37. Defendants deny allegations contained in paragraph 37.
38. Defendants repeat their responses to paragraphs 1 through 37.
39. Defendants deny allegations contained in paragraph 39.
40. Defendants deny allegations contained in paragraph 40.
41. Defendants deny allegations contained in paragraph 41.
42. Defendants deny allegations contained in paragraph 42.
43. Defendants deny allegations contained in paragraph 43.
44. Defendants repeat their responses to paragraphs 1 through 43.
45. Defendants deny allegations contained in paragraph 45.
46. Defendants deny allegations contained in paragraph 46.
47. Defendants deny allegations contained in paragraph 47.
48. Defendants deny allegations contained in paragraph 48.
49. Defendants deny allegations contained in paragraph 49.
50. Defendants deny allegations contained in paragraph 50.

51. Defendants deny allegations contained in paragraph 51.
52. Defendants deny allegations contained in paragraph 42 but in any event this is a matter of law to which no particular response is required.
53. Defendants deny allegations contained in paragraph 53.
54. Defendants repeat their responses to paragraphs 1 through 53.
55. Defendants deny allegations contained in paragraph 55.
56. Defendants deny allegations contained in paragraph 56.
57. Defendants deny allegations contained in paragraph 57.
58. Defendants deny allegations contained in paragraph 58.
59. Defendants deny allegations contained in paragraph 59.
60. Defendants repeat their responses to paragraphs 1 through 59.
61. Defendants deny allegations contained in paragraph 61.
62. Defendants deny allegations contained in paragraph 62.
63. Defendants deny allegations contained in paragraph 63.
64. Defendants deny allegations contained in paragraph 64.
65. Defendants deny allegations contained in paragraph 65.
66. Defendants deny allegations contained in paragraph 66.
67. Defendants repeat their responses to paragraphs 1 through 66.
68. Defendants deny allegations contained in paragraph 68.
69. Defendants deny allegations contained in paragraph 69.
70. Defendants repeat their responses to paragraphs 1 through 69.
71. Defendants deny allegations contained in paragraph 71.
72. Defendants deny allegations contained in paragraph 72.
73. Defendants deny allegations contained in paragraph 73.
74. Defendants deny allegations contained in paragraph 74.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

75. Court lacks personal jurisdiction over Defendant Glamour Line Inc., because aforesaid Defendant was not served according to law.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

76. Plaintiff fails to set forth a claim or sufficient facts upon which relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

77. The goods in question were not counterfeit.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

78. Further or alternatively, the goods in question were not unauthorized.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

79. Defendants at no time acted intentionally, recklessly or maliciously in disregard of Plaintiff's rights in the COTTON HERITAGE trademark and Plaintiff is not entitled to damages, treble damages, punitive damages, costs, disbursements or attorneys' fees.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

80. If Defendants at any stage infringed Plaintiff's COTTON HERITAGE trademark, such infringement was innocent and Plaintiff is not entitled to damages, treble damages, punitive damages, costs, disbursements or attorneys' fees.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

81. On information belief, the goods in question were manufactured in Bangladesh by Humatnoor/Factory 8, pursuant to a joint venture between Plaintiff and Humatnoor/Factory 8 that said goods are not counterfeit and are not unauthorized.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

82. Further or alternatively, the goods in question were not of a lesser or inferior quality to the Plaintiff's alleged genuine goods and did not infringe, or cause damage to or dilute Plaintiff's trademark.

### AS AND FOR A FIRST COUNTERCLAIM

83. Plaintiff, through its servants, agents and officers, has made defamatory statements of fact about Defendants Haryash Paul and Tip Top Tees Inc.

84. Defamatory statement(s) were/was made by Sajid Ali, Vice President of Plaintiff, acting in the course of his employment to, on information and belief, approximately five individuals, all of whom are traders in the garment industry, at 1165 Broadway, New York, New York on or about April 17, 2008, and that said statement(s) exposed the Defendants Tip Top Tees Inc. and Haryash Paul to public ridicule, contempt and disgrace.

85. Said statement(s) were false when made and were: "Tip Top Tees is finished", "they will no longer be seen in the market", "Haryash Paul is finished", "Haryash Paul is a

thief", "Haryash Paul stole merchandise". On information and belief these statements have been made more than once.

86. By reason of the matters aforesaid, Defendants Haryash Paul and Tip Top Tees Inc. have been damaged in an amount to be assessed by a jury.

### AS AND FOR A SECOND COUNTERCLAIM

87. Further or alternatively, Defendants re-allege the matters complained of in paragraphs 83-86 herein above.

88. Plaintiff through its agents, and employees made statements to potential buyers in the T-shirt market in which Defendants trade which were intended to cause Defendants Tip Top Tees Inc., and Haryash Paul harm. Such statements were false and made maliciously.

89. By reason of the matters aforesaid, Defendants Haryash Paul and Tip Top Tees Inc. have been damaged by a decline in sales since April 17, 2008, in an amount to be determined.

WHEREFORE, Defendants respectfully request dismissal of the complaint herein, judgment on the counterclaims set forth above, together with costs, disbursements and attorneys fees together with such other and further relief as appears just and necessary to the Court.

Dated:  New York, New York
        May 9, 2008

_____S/_____
JAMES MONTGOMERY  (JM 0533)
Attorney for Defendants Tip Top Tees,
Inc., Glamour Line Inc., Alpha
Merchandising Corp. & Haryash Paul,
267 Fifth Avenue, Suite 601
New York, NY 10016
212.889.9828

To:  Michelle Mancino Marsh (MM 1494)
     Mimi K. Rupp (MR 0007)
     Kenyon & Kenyon LLP
     One Broadway
     New York, New York 10004