UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROOCHI TRADERS INCORPORATED,

*Plaintiff,*

-against-

TIP TOP TEES INC., GLAMOUR LINE INC., GLAMOUR (USA), INC., ALPHA MERCHANDISING CORP., ROSE DEAL, INC., HARYASH PAUL, MOHAMMED RAHMAN, MOHAMMED FAROQUE, JOHN DOES 1-10, JANE DOES 1-10, and XYZ COMPANIES 1-10,

*Defendants.*

CIVIL ACTION NO. 08-CV-3544 (WHP)

[PROPOSED] ORDER

---

IT IS HEREBY ORDERED that pursuant to the terms of the Temporary Restraining Order, Asset Restraining Order, Expedited Discovery Order and Order to Show Cause for Preliminary Injunction dated April 11, 2008 (the April 11, 2008 Order), as modified by the Order of April 14, 2008, a preliminary injunction shall be entered against Defendants Rose Deal, Inc. and Mohammed Faroque ("Rose Deal Defendants") due to their failure to attend the hearings conducted by the Court, as follows:

    A.    Enjoining and restraining the Rose Deal Defendants, their officers, agents, servants and employees and any persons in active concert or participation with them from:

    (1)    using Plaintiff's COTTON HERITAGE Mark ("Plaintiff's Mark") or any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Mark in connection with the manufacture, distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiff, or in any manner likely to cause others to believe that the Rose

NY01 1521867 v1

Deal Defendants' products are connected with Plaintiff or Plaintiff's genuine merchandise bearing Plaintiff's Mark; and

(2) passing off, inducing or enabling others to sell or pass off any t-shirts or other apparel or items which are not Plaintiff's genuine merchandise as and for Plaintiff's genuine merchandise; and

(3) committing any other acts calculated to cause purchasers and/or the general public to believe that Rose Deal Defendants' products are Plaintiff's genuine merchandise unless they are such; and

(4) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner apparel or other items falsely bearing Plaintiff's Mark, or any reproduction, counterfeit, copy or colorable imitation of same;

(5) inducing, encouraging, aiding, abetting or contributing to any of the aforesaid acts;

(6) moving, destroying, or otherwise disposing of any products, labels, or other items, merchandise, or documents bearing, relating to or used for reproducing Plaintiff's Mark or any reproduction, counterfeit, copy or colorable imitation thereof; and

(7) removing, destroying or otherwise disposing of any computer tapes or disks, business records or documents relating in any way to the manufacture, acquisition, purchase, distribution or sale of goods bearing Plaintiff's Mark or any reproduction, counterfeit, copy or colorable imitation thereof.

B. Impounding, during the pendency of this action, t-shirts, other apparel and other items, including, without limitation, molds, labels, patches, printing devices, advertising,

packaging and other materials and merchandise seized pursuant to the provisions of this Order, or otherwise discovered.

C. Restricting the transfer of the Rose Deal Defendants' assets pursuant to the provisions of this Order as set forth in Paragraph D.

D. ORDERED that, in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants Rose Deal, Inc. and Mohammed Faroque and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations or other financial institutions, or agencies which engage in the transfer of real property, who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks or other assets of the Rose Deal Defendants, without prior approval of the Court, except as to a Rose Deal Defendant that files with the Court and serves upon Plaintiff's counsel:

(1) an accounting of any Defendant's assets having a value of two thousand dollars ($2000) or more, and the location and identity thereof; and

(2) uncontradicted documentary proof accepted by Plaintiff, (such acceptance not to be unreasonably withheld) that particular assets are not proceeds of Rose Deal Defendants' counterfeiting activities, in which case those particular assets shall be released to such Defendant; and it is further

ORDERED, that Defendants Tip Top Tees Inc., Glamour Line Inc., Alpha Merchandising Corp. and Haryash Paul (the "Paul Defendants"), their officers, agents, servants and employees and any persons in active concert or participation with them are, during the pendency of this action, enjoined and restrained from:

(1) shipping, delivering, holding for sale, selling, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner apparel or other items bearing Plaintiff's Mark, or any reproduction, counterfeit, copy or colorable imitation of same; without seeking the Court's prior written approval upon notice to Plaintiff; and

(2) inducing, encouraging, aiding, abetting or contributing to any of the aforesaid acts, and it is further

ORDERED, during the pendency of this action, t-shirts or other items bearing Plaintiff's Mark, or any reproduction, counterfeit, copy or colorable imitation of same, including, without limitation, molds, labels, patches, printing devices, advertising, packaging and other materials and merchandise, seized pursuant to the provisions of the April 11, 2008 Order, as modified on April 14, 2008 or discovered pursuant to discovery in this action, shall remain within the possession of Plaintiff, and it is further

ORDERED, that the portion of the April 11, 2008 Order pertaining to restraint of the Paul Defendants' bank account(s) shall remain in place as to only the bank account(s) located at Habib American Bank, and further that the Paul Defendants shall submit to the Court and Plaintiff a notarized account statement(s) from Habib American Bank detailing the current balance of such restrained account(s); and it is further

ORDERED, that Plaintiff shall promptly notify JP Morgan Chase Bank to release the Paul Defendants' accounts from restraint.

Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of this Order and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

SO ORDERED:

Dated: May 12, 2008

_____
The Honorable William H. Pauley III
United States District Court Judge

NY01 1521867 v2

## CERTIFICATE OF SERVICE

I, Phillip K. Lum, do hereby certify that I caused a true and correct copy of the foregoing to be served on defendants as follows:

### By Facsimile and Hand

James Montgomery, Esq.
Jason Baxter, Esq.
267 Fifth Avenue, Suite 601
New York, NY 10016
Fax: 212-889-9818

Attorney for defendants Tip Top Tees, Alpha Merchandising, Glamour Line, Inc., and Haryash Paul

### By Facsimile and Hand

ROSE DEAL INC
c/o Ashoky Varshney
50 W 34th Street #17C8
New York, New York 10001
Fax: 646-365-3050

### By Hand

Mohammed Faroque
34 Giles Ave
Jersey City NJ 07306-6428

Dated:    May 9, 2008

By: _____
Phillip K. Lum