UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROOCHI TRADERS INCORPORATED,

        *Plaintiff,*

    -against-

TIP TOP TEES INC., GLAMOUR LINE INC.,
GLAMOUR (USA), INC., ALPHA
MERCHANDISING CORP., ROSE DEAL,
INC., HARYASH PAUL, MOHAMMED
RAHMAN, MOHAMMED FAROQUE, JOHN
DOES 1-10, JANE DOES 1-10, and XYZ
COMPANIES 1-10,

        *Defendants.*

**CIVIL ACTION NO. 08-cv-3544 (WHP)**

ECF Case

---

## AFFIDAVIT OF MIMI K. RUPP

1.      I am a member of the Bar of this Court and am a member of the law firm of Kenyon and Kenyon, LLP, attorneys for Plaintiff in the above-entitled action. I am fully familiar with all of the facts and circumstances in this action.

2.      This affidavit is made pursuant to Rule 55 of the Federal Rules of Civil Procedure and Rules 55.1 and 55.2(b) of the Civil Rules for the Southern District of New York in support of Plaintiff's motion for the entry of a default judgment against Defendants Rose Deal, Inc. and Mohammed Faroque.

3.      This is an action for trademark infringement, trademark counterfeiting, unfair competition and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473

(the "Lanham Act") and for violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act as well as trademark infringement, unfair competition, dilution and deceptive acts and practices under the laws of the State of New York.

4.     This action was commenced against Defendants Rose Deal, Inc. and Mohammed Faroque on April 22, 2008, and April 27, 2008, respectively, by the filing of the Summons and Complaint; and affidavits of service were filed with this Court on April 29, 2008, and May 2, 2008, respectively.

5.     Upon information and belief, Defendant Rose Deal, Inc. is a corporation.

6.     Upon information and belief, Defendant Mohammed Faroque is an individual who is neither an infant nor incompetent.

7.     In its proposed default judgment, Plaintiff seeks a permanent injunction.  Also sought is an inquest to determine the propriety of an award to Plaintiff of damages, attorney's fees, costs and disbursements of this action.

8.     This relief has not been requested previously against Defendants Rose Deal, Inc. and Mohammed Faroque.

Dated: June 26, 2008
        New York, New York

By: _____
     Mimi K. Rupp

Sworn to before me this 26th
day of June       , 2008

_____
NOTARY PUBLIC

KRISTINA HORN
Notary Public, State of New York
No. 01HO5080910
Qualified in Kings County
Certificate Filed in New York County
Commission Expires June 23, 20 11

# EXHIBIT A

Judge Pauley

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 3544

---

ROOCHI TRADERS INCORPORATED,

    *Plaintiff,*

  -against-

TIP TOP TEES INC., GLAMOUR LINE INC.,
GLAMOUR (USA), INC., ALPHA
MERCHANDISING CORP., ROSE DEAL,
INC., HARYASH PAUL, MOHAMMED
RAHMAN, MOHAMMED FAROQUE, JOHN
DOES 1-10, JANE DOES 1-10, and XYZ
COMPANIES 1-10,

    *Defendants.*

CIVIL ACTION NO.

COMPLAINT

[FILED UNDER SEAL PURSUANT TO
15 U.S.C. § 1116]

---

    Plaintiff Roochi Traders Incorporated ("Plaintiff" or "Roochi") hereby files this

Complaint for trademark counterfeiting, trademark infringement, racketeering activities, and

related claims against Defendants Tip Top Tees Inc., Glamour Line Inc., Glamour (USA), Inc.,

Alpha Merchandising Corp., Rose Deal, Inc., Haryash Paul, Mohammed Rahman, Mohammed

Faroque, John Does 1-10, Jane Does 1-10, and XYZ Companies 1-10 on personal knowledge as

to Plaintiff's own activities and on information and belief as to the activities of others:

<u>THE PARTIES</u>

    1.    Plaintiff, Roochi Traders Incorporated ("Roochi"), is a California corporation

having its principal place of business at 6393 East Washington Boulevard, City of Commerce,

California 90040.

2.      Upon information and belief, defendant, Tip Top Tees, Inc. ("Tip Top Tees"), is a New York corporation having a place of business at 10 West 28th Street, 2nd Floor, New York, NY 10001.

3.      Upon information and belief, defendant, Haryash Paul, has a regularly established place of business within this judicial district at 10 West 28th Street, 2nd Floor, New York, NY 10001. Upon information and belief, defendant, Haryash Paul, substantially owns, controls and operates defendant, Tip Top Tees, and the acts of the corporate defendant are also the acts of the individual defendant.

4.      Upon information and belief, defendant, Glamour Line, Inc. ("Glamour Line") is a New York corporation having a place of business at 1220 Broadway, Room 402, New York, NY 10001. Upon information and belief, defendant, Haryash Paul, substantially owns, controls and operates defendant, Glamour Line, and the acts of the corporate defendant are also the acts of the individual defendant.

5.      Upon information and belief, Glamour (USA), Inc. ("Glamour USA") is a New York corporation having a place of business at 1220 Broadway, Room 402, New York, NY 10001. Upon information and belief, defendant, Haryash Paul, substantially owns, controls and operates defendant, Glamour USA, and the acts of the corporate defendant are also the acts of the individual defendant.

6.      Upon information and belief, Alpha Merchandising Corp., ("Alpha Corp.") is a New York corporation having a place of business at 10 West 28th Street, New York, NY 10001. Upon information and belief, defendant, Haryash Paul, substantially owns, controls and operates defendant, Alpha Corp., and the acts of the corporate defendant are also the acts of the individual defendant.

2

7.     Upon and information and belief, Rose Deal, Inc. ("Rose Deal") is a New York corporation having a place of business at 3302 Broadway, Astoria, New York 11106.

8.     Upon information and belief, Mohammed Rahman is an individual conducting and transacting business at 3302 Broadway, Astoria, New York 11106.

9.     Upon information and belief, Mohammed Faroque is an individual conducting and transacting business at 3302 Broadway, Astoria, New York 11106.

10.     Upon information and belief, defendants, including yet to be identified John Does and Jane Does, are present and/or doing business in New York, and are subject to the jurisdiction of this Court.  The identities of the various John Doe and Jane Doe defendants are not presently known and the Complaint herein will be amended to include the name or names of these individuals when such information becomes available (each a "Doe" and collectively, "Does").

11.     Upon information and belief, defendants, the XYZ Corporations, through their agents, servants, and employees are present and/or doing business in New York and are, or shall be, subject to the jurisdiction of this Court.  The identities of such defendants are not presently known and the Complaint herein will be amended to include the names of the actual defendants when such information becomes available.

12.     The parties identified in paragraphs 2 through 11 above are hereinafter collectively referred to as "Defendants."

### JURISDICTION AND VENUE

13.     This is an action for trademark infringement, trademark counterfeiting, unfair competition and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act") and for violation of the Racketeer Influenced and Corrupt Organizations

("RICO") Act as well as trademark infringement, unfair competition, dilution and deceptive acts and practices under the laws of the State of New York.

14.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338 (a) and (b); 15 U.S.C. §§ 1116 and 1121; and 18 U.S.C. § 1964.  This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiff's claims for trademark infringement, unfair competition, dilution and unlawful deceptive acts and practices under the laws of the State of New York.

15.    This Court has personal jurisdiction over Defendants in that they do business in the State of New York.

16.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a); and 18 U.S.C. § 1965, in that the Defendants are entities or an individual subject to personal jurisdiction in this judicial district and have committed a significant number of the tortious acts complained of herein in this District.

## ROOCHI'S TRADEMARK

17.    Since at least as early as 2002, Roochi has been manufacturing, advertising, offering for sale, selling and distributing in interstate commerce and in the State of New York t-shirts bearing the trademark COTTON HERITAGE (the "COTTON HERITAGE Mark") to wholesalers, distributors, and retailers who, in turn, re-sell COTTON HERITAGE t-shirts to the trade and consuming public.

18.    Roochi is the owner of, *inter alia*, the entire right, title and interest in and to the federally registered COTTON HERITAGE Mark.  A copy of which is annexed hereto as Exhibit A.

4

| Mark | Registration No. | Date of Issue |
|---|---|---|
| COTTON HERITAGE | 2595692 | July 16, 2002 |

19.    The registration set forth in Exhibit A is valid, incontestable, subsisting, unrevoked and uncancelled.  The registration of this mark constitutes *prima facie* evidence of its validity and conclusive evidence of Roochi's exclusive right to use the COTTON HERITAGE Mark in commerce in connection with clothing.  The registration of the COTTON HERITAGE Mark also constitutes constructive notice to Defendants of Roochi's ownership and exclusive rights in such trademark.

20.    Roochi has had millions of dollars in sales of products sold under the COTTON HERITAGE Mark.

21.    Products sold under the COTTON HERITAGE Mark are recognized by the trade and public as those of Roochi exclusively.

## DEFENDANTS' CONDUCT

22.    Upon information and belief, beginning on or around March 2008, Defendants imported, distributed, offered for sale and sold counterfeit COTTON HERITAGE t-shirts (the "Counterfeit Products") in this judicial district.

23.    The Counterfeit Products are not genuine Plaintiff's Products.  Plaintiff did not manufacture, inspect or package the Counterfeit Products, and did not approve the Counterfeit Products.

24.    Defendants' use of a counterfeit COTTON HERITAGE Mark is likely to cause confusion or mistake or deceive persons into the erroneous belief that Defendants' Counterfeit Products are genuine COTTON HERITAGE t-shirts or that Defendants or their Counterfeit

5

Products are authorized by Plaintiff or are endorsed by Plaintiff or are sponsored by Plaintiff or are connected in some way with Plaintiff.

25.    Upon information and belief, Defendants' use of a counterfeit COTTON HERITAGE Mark was deliberate and intentional and designed to create confusion and mistake and to deceive persons into the incorrect belief that Defendants or its Counterfeit Products are genuine Roochi COTTON HERITAGE t-shirts or that Defendants or their Counterfeit Products are authorized by Plaintiff or are endorsed by Plaintiff or are connected in some way with Plaintiff.

26.    Defendants' use of a counterfeit COTTON HERITAGE Mark falsely designates the origin of Defendants' products and constitutes false descriptions and representations to the effect that Defendants' Counterfeit Products are genuine Roochi COTTON HERITAGE t-shirts or that Defendants or their Counterfeit Products are authorized by Roochi or are endorsed by Roochi or are sponsored by Roochi or are connected in some way with Roochi.

27.    Roochi believes that it is or is likely to be damaged by Defendants' use of said false designations, descriptions and representations in that purchasers are likely to buy Defendants' Counterfeit Products in the mistaken belief that they are genuine Roochi COTTON HERITAGE t-shirts or that Defendants or their Counterfeit Products are authorized by Roochi or are endorsed by Roochi or are connected in some way with Roochi.

28.    Defendants' use of the counterfeit Roochi Trademark will dilute the distinctive quality of Roochi's Trademark.

29.    Upon information and belief, Defendants' use of a counterfeit COTTON HERITAGE Mark was deliberate and intentional and designed to dilute the distinctive quality of

6

Roochi's trademark. Upon information and belief, Defendants had knowledge of Plaintiff's prior rights in Plaintiff's Trademark

30.    Defendants' use of a counterfeit COTTON HERITAGE Mark is without Roochi's license, authorization or permission.

31.    The acts and conduct of Defendants have damaged Roochi and, unless restrained, will impair, if not destroy, the value of the COTTON HERITAGE Mark and the goodwill represented thereby, and Roochi has no adequate remedy at law.

**COUNT I**

**FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT**
**(15 U.S.C. § 1114)**

32.    Plaintiff repeats and realleges paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33.    As a result of its long-term and continuous use of the COTTON HERITAGE Mark and the quality of goods manufactured, distributed and sold under the COTTON HERITAGE Mark, Plaintiff has developed considerable goodwill in its COTTON HERITAGE Mark. The trade and consuming public have come to know, recognize and identify goods, including t-shirts, bearing the COTTON HERITAGE Mark as the quality goods of Plaintiff.

34.    Upon information and belief, without Plaintiff's authorization or consent, and having knowledge of Plaintiff's prior rights in Plaintiff's Trademark, and the fact that Defendants' Counterfeit Products bear a counterfeit COTTON HERITAGE Mark, Defendants have distributed, offered for sale and/or sold the Counterfeit Products to the trade and to the consuming public in direct competition with Plaintiff's sale of genuine products, in or affecting interstate commerce.

7

35.     Defendants' use of copies or simulations of Plaintiff's COTTON HERITAGE
Mark is likely to cause and is causing confusion, mistake and deception among the trade and
general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive the
trade and public into believing the Counterfeit Products being sold by Defendants originate from,
are associated with or are otherwise authorized by Plaintiff, all to the damage and detriment of
Plaintiff's reputation, goodwill and sales.

36.     This action is based on a scheme and conspiracy by and among Defendants to
import, transport, warehouse, distribute and sell Counterfeit Products in New York and
throughout the United States.  Working in concert with each other and with other persons and
entities as yet unknown, Defendants have distributed and sold Counterfeit Products as genuine
COTTON HERITAGE products.

37.     Plaintiff has no adequate remedy at law and, if Defendants' activities are not
enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and
reputation.

## COUNT II

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1114)

38.     Plaintiff repeats and realleges paragraphs 1 through 37 of the Complaint as if fully
set forth herein.

39.     The Counterfeit Products sold and offered for sale by Defendants are of the same
general nature and type as Plaintiff's Products sold and offered for sale by Plaintiff and, as such,
Defendants' use is likely to cause confusion to the general purchasing public.

40.     By misappropriating and using Plaintiff's COTTON HERITAGE Mark,
Defendants misrepresent and falsely describe to the general public the origin and source of the

Counterfeit Products and create a likelihood of confusion by the trade and ultimate purchasers as to both the source and sponsorship of such merchandise.

41.    Defendants' unlawful, unauthorized and unlicensed distribution, offer for sale and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized or approved by Plaintiff, all to Defendants' profit and Plaintiff's great damage and injury.

42.    Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of Plaintiff's Trademark, in connection with their goods and services, in interstate commerce constitutes a false designation of origin and unfair competition.

43.    Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputations.

**COUNT III**

**<u>VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPTION</u>**
**<u>ORGANIZATIONS ACT</u>**
**(18 U.S.C. § 1961 *et seq.*)**

44.    Plaintiff repeats and realleges paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45.    As detailed above, Tip Top Tees, Glamour Line, Glamour USA, Alpha Corp. and Mr. Paul ("Paul Entities") constitute an enterprise; or alternatively, the Paul Entities, Rose Deal, and Messrs. Rahman and Faroque formed an association-in-fact that constitutes an enterprise; or, alternatively, Tip Top Tees and Rose Deal, Alpha Corp. and Rose Deal, and Mr. Paul and Rose Deal formed an association-in-fact that constitutes an enterprise.

9

46.    Defendants have engaged in a pattern of racketeering activity including acts trafficking in counterfeit goods (18 U.S.C. § 2320).

47.    Defendants have intentionally trafficked in goods upon which they knowingly used counterfeit marks that are spurious, identical with or substantially indistinguishable from Plaintiff's COTTON HERITAGE Mark (which is registered for such goods on the Principal Register in the U.S. Patent and Trademark Office and in use by Plaintiff), and likely to cause confusion, to cause mistake, or to deceive, all in violation of 18 U.S.C. § 2320.

48.    Through a pattern of racketeering activity, Defendants have acquired or maintained an interest in or control of an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce, all in violation of 18 U.S.C. § 1962(b).

49.    At a minimum, as described above, Defendants have engaged in multiple acts of trafficking in counterfeit goods (in violation of 18 U.S.C. § 2320) therefore constituting a violation of 18 U.S.C. § 1962(c).

50.    Defendants have engaged and continue to engage in the above-complained of racketeering activity knowingly, willfully, and in bad faith.

51.    The aforesaid acts have caused Plaintiff to sustain monetary damage, including injury to its business or property, in an amount to be determined at trial.

52.    Pursuant to 18 U.S.C. § 1964, Plaintiff is entitled to recover from Defendants threefold the damages sustained and the cost of the suit, including reasonable attorney's fees.

53.    The aforesaid acts have caused, and unless enjoined by this Court will continue to cause, irreparable harm to Plaintiff for which it has no adequate remedy at law.

## COUNT IV

## COMMON LAW TRADEMARK INFRINGEMENT

54.     Plaintiff repeats and realleges paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55.     Plaintiff's COTTON HERITAGE Mark has valuable goodwill among the trade and with the consuming public..

56.     With full knowledge of Plaintiff's COTTON HERITAGE Mark, Defendants have traded, and continue to trade, on the goodwill associated with Plaintiff's COTTON HERITAGE Mark, and mislead the trade and the public into assuming a connection between the Counterfeit Products and Plaintiff.

57.     Defendant's unauthorized use of Plaintiff's COTTON HERITAGE Mark on the Counterfeit Products is likely to and does permit Defendants to pass off the Counterfeit Products to the trade and the general public as that of Plaintiff, all to the detriment of Plaintiff and the unjust enrichment of Defendant.

58.     Defendants' acts of trademark infringement cause confusion, mislead and deceive the trade and the public as to the source of Defendants' Counterfeit Products, permitting Defendants to pass off the Counterfeit Products as the Plaintiff's merchandise, and falsely suggest a connection between the Defendants and Plaintiff and, will continue to do so, in violation of the common law of the State of New York, and to the detriment of Plaintiff and the unjust enrichment of Defendant.

59.     Defendants' acts of trademark infringement have caused and will continue to cause Plaintiff irreparable harm unless restrained by this Court.  Plaintiff has no adequate remedy at law.

11

**COUNT V**

**UNFAIR COMPETITION IN VIOLATION OF
NEW YORK STATE COMMON LAW**

60.    Plaintiff repeats and realleges paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61.    Plaintiff has acquired valuable goodwill in Plaintiff's COTTON HERITAGE Mark and the distinctive appearance of their genuine Plaintiff's Products.

62.    Defendants' use of Plaintiff's COTTON HERITAGE Mark is likely to and does permit Defendant to palm off Defendants' Counterfeit Products as those of Plaintiff's, all to the detriment of Plaintiff and the unjust enrichment of Defendant.

63.    Defendant, upon information and belief, with full knowledge of the distinctiveness of Plaintiff's COTTON HERITAGE Mark, intended to and did trade on the goodwill associated with Plaintiff's COTTON HERITAGE Mark and has misled and will continue to mislead the public into assuming a connection between Plaintiff and Defendants by Defendants' importation, distribution, offer for sale and sale of the Counterfeit Products.

64.    Defendants' unauthorized use of Plaintiff's COTTON HERITAGE Mark has caused and is likely to continue to cause Plaintiff damage by tarnishing the valuable reputations and images associated with Plaintiff and its genuine goods.  Defendants have further palmed off its goods as Plaintiff's goods by Defendants' false labeling and misrepresentations to the trade and consumer public, members of whom are likely to and do believe the Counterfeit Products emanate from or are associated with Plaintiff.

65.    The acts of Defendants confuse, mislead and deceive the trade and the public as to the source of Defendants' goods, permit and accomplish palming off of Defendants' goods as

12

those of Plaintiff and falsely suggest a connection with Plaintiff, constitute acts of unfair

competition with Plaintiff in violation of the laws of the State of New York.

66.    Defendants' acts have caused and will continue to cause Plaintiff irreparable harm

unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## COUNT VI

### NEW YORK TRADEMARK DILUTION
### (New York General Business Law § 360(l))

67.    Plaintiff repeats and realleges paragraphs 1 through 66 of the Complaint as if fully

set forth herein.

68.    Defendants' acts have caused damage to Plaintiff by tarnishing Plaintiff's

valuable reputation and diluting or blurring the distinctiveness of Plaintiff's COTTON

HERITAGE Mark in violation of New York General Business Law § 360(l), and will continue to

tarnish and destroy the value of Plaintiff's COTTON HERITAGE Mark unless enjoined by this

Court.

69.    Defendants' acts have caused and will continue to cause Plaintiff irreparable harm

unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## COUNT VII

### UNLAWFUL DECEPTIVE ACTS AND PRACTICES
### (New York General Business Law § 349)

70.    Plaintiffs repeat and reallege paragraphs 1 through 69 of the Complaint as if fully

set forth herein.

71.    Upon information and belief, Defendants, without Plaintiff's authorization or

consent, and having knowledge of Plaintiff's prior rights in Plaintiff's COTTON HERITAGE

Mark, and the fact that Defendants have imported, distributed, offered for sale and/or sold the

Counterfeit Products to the trade and the consuming public in direct competition with Plaintiff's

sale of genuine merchandise and in violation of New York General Business Law § 349.

72.    Defendants' use of copies or simulations of Plaintiff's COTTON HERITAGE

Mark is likely to cause and is causing confusion, mistake and deception among the trade and the

general purchasing public as to the origin of Defendant's Counterfeit Products, and is likely to

deceive the public into believing the Counterfeit Products being sold by Defendants originate

from, are associated with, or are otherwise authorized by Plaintiff.

73.    Defendants' deceptive acts and practices involve public sales activities of a

recurring nature.

74.    Plaintiff has no adequate remedy at law and, if Defendants' activities are not

enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and

reputations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    That Defendants, their officers, agents, servants, employees, attorneys,

confederates, and all persons acting for, with, by, through or under them be temporarily and

preliminarily enjoined and restrained for the pendency of this action and, thereafter,

permanently:

(a)    from using Plaintiff's COTTON HERITAGE Mark, or any confusingly

similar variation, in any manner in connection with the advertising, offering for sale, or sale of

any product not Plaintiffs, or not authorized by Plaintiff to be sold in connection with of

Plaintiff's COTTON HERITAGE Mark;

14

(b)     from passing off, inducing, or enabling others to sell or pass off any product as and for products produced by Plaintiff, which are not Plaintiff's or not produced under the control and supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's Trademark;

(c)     from committing any acts calculated to cause purchasers to believe that Defendants' products are those sold under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

(d)     from further diluting and infringing Plaintiff's Trademark and damaging Plaintiff's goodwill;

(e)     from otherwise competing unfairly with Plaintiff in any manner;

(f)     from shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's mark;

(g)     from further engaging in racketeering activity as described above;

2.     That Defendants, their officers, agents, servants, employees, attorneys, confederates, and agents and any persons in active concert or participation with them, and any banks, savings and loan associations or other financial institutions, or agencies which engage in the transfer of assets or real property, who receive actual notice of the Court's order, by personal service or otherwise, shall be temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks or other assets of Defendants, without prior approval of the Court, except as to a Defendant that files with the Court and serves upon Plaintiffs' counsel:

(1) an accounting of Defendant's assets having a value of five thousand dollars ($5,000) or more,

15

and the location and identity thereof; and (2) uncontradicted documentary proof accepted by Plaintiffs (such acceptance not to be unreasonably withheld) that particular assets are not proceeds of Defendant's counterfeiting activities, in which case those particular assets shall be released to the Defendant.

3.      That Defendants be required upon service of this Complaint to immediately deliver up to Plaintiffs any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in the possession of Defendants or under their control bearing Plaintiff's COTTON HERITAGE Mark, or each of them, alone or in combination with any other words, or used in connection with the advertising, offering for sale or sale of products not Plaintiff's, or not made under the authorization and control of Plaintiff.

4.      That Defendants be required upon service of this Complaint to immediately supply Plaintiff with a complete list of entities from whom they purchased and to whom they distributed and/or sold products falsely bearing Plaintiff's COTTON HERITAGE Mark or products not authorized by Plaintiff to be sold in connection with such mark.

5.      That Defendants be required upon service of this Complaint to immediately deliver up for destruction their entire inventory of such products bearing Plaintiff's COTTON HERITAGE Mark.

6.      That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendants have complied with paragraphs 1 through 5, *supra*.

7.      That Plaintiff be awarded statutory damages and that such statutory damages be increased for willful counterfeiting pursuant to Section 35(c) of the Lanham Act, 15 U.S.C., § 1117(c).

8.      That Plaintiff be awarded three times the amount of damages caused by Defendants' willful acts of infringement, counterfeiting, racketeering, dilution and unfair competition complained of herein.

9.      That Plaintiff be awarded punitive damages arising out of the willful nature of Defendants' activities.

10.     That Plaintiff be awarded its costs and disbursements of this civil action, including reasonable attorneys' fees.

11.     That Plaintiff be awarded such other and further relief as the Court deems just and equitable.


KENYON & KENYON LLP


Dated:  April 10 , 2008          By    _____
                                        Michelle Mancino Marsh (MM 1494)
                                        Mimi K. Rupp (MR 0007)

                                        One Broadway
                                        New York, New York 10004
                                        Tel.: (212) 425-7000

                                        *Attorneys for Plaintiff*

                                        Roochi Traders Incorporated


17

# EXHIBIT A

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,595,692
Registered July 16, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## COTTON HERITAGE

ROOCHI TRADERS, INC. (CALIFORNIA COR-
PORATION)
6393 E. WASHINGTON BLVD.
CITY OF COMMERCE, CA 90040

FOR: APPAREL WHICH IS MADE IN WHOLE OR
SIGNIFICANT PART FROM COTTON, NAMELY,
SHIRTS, SWEATSHIRTS, PANTS, SWEATPANTS,
SHORTS, TANK TOPS, TRACK SUITS, AND VESTS,
IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 1-15-2002; IN COMMERCE 1-15-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "COTTON", APART FROM THE
MARK AS SHOWN.

SN 76-150,210, FILED 10-19-2000.

CHRISIE B. KING, EXAMINING ATTORNEY

# EXHIBIT B

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |

ROOCHI TRADERS INCORPORATED,

Plaintiff,

**V.**

TIP TOP TEES INC., GLAMOUR LINE INC.,
GLAMOUR (USA), INC., ALPHA MERCHANDISING
CORP., ROSE DEAL, INC., HARYASH PAUL,
MOHAMMED RAHMAN, MOHAMMED FAROQUE,
JOHN DOES 1-10, JANE DOES 1-10, and XYZ
COMPANIES 1-10,

Defendants.

## 08 CV 3544

### SUMMONS IN A CIVIL CASE

CASE NUMBER:

TO: (Name and address of defendant)

Rose Deal, Inc.
3302 Broadway
Astoria, NY 11106

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Mimi Rupp
Kenyon & Kenyon LLP
One Broadway
New York, NY 10004

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

APR 1 1 2008

CLERK

(BY) DEPUTY CLERK

DATE

AO 440  (Rev. 10/93)  Summons In a Civil Action -SDNY  WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served: _____
_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐  Returned unexecuted: _____
_____
_____
_____

☐  Other *(specify):* _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____       _____
　　　　　　　　　　Date　　　　　　　　　　　　　　　　Signature of Server

_____
Address of Server

_____

(1)　　As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CIVIL ACTION NO.
08-CV-3544 (S.D.N.Y)

ROOCHI TRADERS INCORPORATED,          *Plaintiff/Petitioner*          *AFFIDAVIT OF
                                                                        SERVICE*

                    *against*

              TIP TOP TEES INC. et al.          *Defendant/Respondent*

STATE OF NEW YORK, COUNTY OF QUEENS   ss:

**ROBERT URENA**, the undersigned, being duly sworn, deposes and says;

Deponent is not a party herein, is over 18 years of age and resides in the STATE OF NEW YORK
That on APRIL 22nd , 2008 at 2:30 PM, at 50 WEST 34th STREET, ROOM 17C8, NEW YORK, NY 10001
Deponent served the within -- **AMENDED TEMPORARY RESTRAINING ORDER, ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, and ORDER TO SHOW CAUSE FOR PRELIMINARY INJUCTION ("ORDER")** ,of APRIL 14, 2008 and **REPRESENTATIVE DOCUMENTS PURSUANT TO SAID ORDER, SUMMONS IN A CIVIL CASE, COMPLAINT, PLAINTIFF CORPORATE DISCLOSURE STATEMENT, DECLARATION OF STEPHEN G. WARD, DECLARATION OF MIMI K. RUPP, DECLARATION OF SAJID ALI, PLAINTIFFS EX-PARTE APPLICAION FOR AN ORDER TO SHOW CAUSE FOR TEMPORARY AMENDED TEMPORARY RESTRAINING ORDER, ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, and ORDER TO SHOW CAUSE FOR PRELIMINARY INJUCTION, MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS EX-PARTE APPLICAION FOR AN ORDER TO SHOW CAUSE FOR TEMPORARY AMENDED TEMPORARY RESTRAINING ORDER, ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, and ORDER TO SHOW CAUSE FOR PRELIMINARY INJUCTION**
On  **ROSE DEAL, INC.**
                                                 ☒ Said papers served had endorsed thereon index # and date of filing

| | |
|---|---|
| **Individual** ☐ | by delivering a true copy *of each* to said defendant personally, deponent knew the person so served to be the person described as said defendant therein. |
| **Corporation** X | by delivering thereat a true copy of each to ASHOKY VARSHNEY. Said individual stated she/he is a managing/authorized agent of the corporation, thereof, authorized to accept legal process. |
| **Suitable Age Person** ☐ | by delivering there a true copy *of each to*        a person of suitable age and discretion. Said premises is recipient's ☐ Home ☐ Business Address, within the state. Person spoken to, verified that defendant actually resides/is employed at these premises. |
| **Affixing To Door** ☐ | by affixing a true copy of each to the door of said premises, which is recipient's ☐ Home ☐ Business Address ----within the state.  Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion thereat, having called there:    Address Confirmed by |
| **Mailing** ☐ | On       , deponent completed service by depositing a true copy of each document to the above address in a 1st Class post paid properly addressed envelope marked "Personal & Confidential" in an official depository under the exclusive care and custody of the United States Post Office. Certified Mail Number (If Required): |
| **Description** X | Gender **MALE** Color of skin **BROWN** Color of Hair **BLACK** Facial Hair **YES** Glasses **NO** Approximate age **40-50** Approximate height **5'6-5'9** Approximate weight **170-180** Other identifying features: |
| **Fees** ☐ | At the time of said service, deponent paid (tendered) in advance $       , the authorized witness fee and/or traveling expenses to the recipient. |
| **Military** ☐ | In response to my questions said person told me that the Defendant was not in the military service or financially dependant upon anyone who is in the military service of the United States of America or of the State of New York in any capacity. From the facts above set forth, I am convinced that the said defendant is not in the military service at the present time. |

Sworn to before me on
APRIL 23rd , 2008

JEANETTE RODRIGUEZ
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01RO6181572
QUALIFIED IN QUEENS COUNTY
COMMISION EXPIRES 02/04/2012

_____
Notary Public

_____
ROBERT URENA
License Number  1263889

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# Judge P**United States District Court**

SOUTHERN _____ DISTRICT OF _____ NEW YORK

ROOCHI TRADERS INCORPORATED,

        Plaintiff,

        **V.**

TIP TOP TEES INC., GLAMOUR LINE INC.,
GLAMOUR (USA), INC., ALPHA MERCHANDISING
CORP., ROSE DEAL, INC., HARYASH PAUL,
MOHAMMED RAHMAN, MOHAMMED FAROQUE,
JOHN DOES 1-10, JANE DOES 1-10, and XYZ
COMPANIES 1-10,

              Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

08 CV 3544

TO: (Name and address of defendant)

    Mohammed Faroque
    3302 Broadway
    Astoria, NY 11106

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

    Mimi Rupp
    Kenyon & Kenyon LLP
    One Broadway
    New York, NY 10004

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

APR 1 1 2008

CLERK

_____

(BY) DEPUTY CLERK

DATE

AO 440 (Rev. 10/93) Summons in a Civil Action -SDNY WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐    Served personally upon the defendant. Place where served: _____

_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
     Name of person with whom the summons and complaint were left: _____

_____

☐    Returned unexecuted: _____

_____

_____

☐    Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
              Date                              Signature of Server

                                           _____
                                           Address of Server

(1)      As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

```
||||| |||| ||| | ||| || ||||| ||||||| || ||||
        2 0 0 8 0 4 2 4 1 1 1 0 2 4
```

| AO 440 (Rev. 10/93) Summons in a Civil Action | **RETURN OF SERVICE** |

SERVICE OF:    **SUMMONS IN A CIVIL CASE, COMPLAINT, ORDER, EXHIBITS, PLAINTIFF'S CORPORATE DISCLOSURE STATEMENT, MEMORANDUM OF LAW**
EFFECTED (1) BY ME:    **WILLIAM SANCHEZ**
TITLE:        **PROCESS SERVER**                    DATE: **04/27/2008  07:16AM**

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant:

MOHAMMED FAROQUE

Place where served:

34 GILES AVE.  JERSEY CITY NJ 07305

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

MOHAMMED FAROQUE

Relationship to defendant: SELF

Description of person accepting service:

SEX: M   AGE: 36-50   HEIGHT: 5'4"-5'8"   WEIGHT: 131-160 LBS.   SKIN: BROWN   HAIR: BLACK   OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

DEFENDANT CLAIMED NOT TO HAVE ANY FORM OF I.D.

**STATEMENT OF SERVER**

TRAVEL $ _____.____        SERVICES $ _____.____        TOTAL $ _____.____

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE:04 /28 /20 08                    _____ L.S.
                            SIGNATURE OF WILLIAM SANCHEZ
                            GUARANTEED SUBPOENA SERVICE, INC.        04/28/08
                            2009 MORRIS AVENUE
                            UNION, NJ 07083                        J. Srulley

ATTORNEY:    MICHELLE MANCINO MARSH, ESQ.
PLAINTIFF:    ROOCHI TRADERS INCORPORATED
DEFENDANT:    TIP TOP TEES, INC., ET AL                JANIRA SANTIAGO VELEZ
VENUE:        DISTRICT                        NOTARY PUBLIC OF NEW JERSEY
DOCKET:    08 CV 3544                    My Commission Expires April 24, 2012

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

R R

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

ROOCHI TRADERS INCORPORATED,

                  *Plaintiff,*

           -against-

TIP TOP TEES INC., GLAMOUR LINE INC.,
GLAMOUR (USA), INC., ALPHA
MERCHANDISING CORP., ROSE DEAL, INC.,
HARYASH PAUL, MOHAMMED RAHMAN,
MOHAMMED FAROQUE, JOHN DOES 1-10,
JANE DOES 1-10, and XYZ COMPANIES 1-10,

                  *Defendants.*

------------------------------------------------------------ x

**Civil Action No. 08-cv-3544 (WHP)**

<u>**CLERK'S CERTIFICATE**</u>

      I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern

District of New York, do hereby certify that this action commenced on April 11, 2008 with the

filing of a summons and complaint, a copy of the summons and complaint was served on

defendant Rose Deal, Inc. on April 22, 2008 by delivering copies to Ashoky Varshney at 50

West 34th Street, Apt. 17C8, New York, NY 10001, and proof of such service thereof was filed

on April 29, 2008.

      I further certify that the docket entries indicate that defendant Rose Deal, Inc. has not

filed an answer or otherwise moved with respect to the Complaint herein.  The default of

defendant Rose Deal, Inc. is hereby noted.

Dated: _May 30_, 2008
New York, New York

J. MICHAEL McMAHON, Clerk of the Court

By: _____

                Deputy Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

ROOCHI TRADERS INCORPORATED,

             *Plaintiff,*

      -against-

TIP TOP TEES INC., GLAMOUR LINE INC.,
GLAMOUR (USA), INC., ALPHA
MERCHANDISING CORP., ROSE DEAL, INC.,
HARYASH PAUL, MOHAMMED RAHMAN,
MOHAMMED FAROQUE, JOHN DOES 1-10,
JANE DOES 1-10, and XYZ COMPANIES 1-10,

             *Defendants.*

-------------------------------------------------------------- x

**Civil Action No. 08-cv-3544 (WHP)**

**CLERK'S CERTIFICATE**

      I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on April 11, 2008 with the filing of a summons and complaint, a copy of the summons and complaint was served on defendant Mohammed Faroque on April 27, 2008 by delivering copies to Mohammed Faroque at 34 Giles Avenue, Jersey City, NJ 07305, and proof of such service thereof was filed on May 2, 2008.

      I further certify that the docket entries indicate that defendant Mohammed Faroque has not filed an answer or otherwise moved with respect to the Complaint herein. The default of defendant Mohammed Faroque is hereby noted.

Dated: _May 30_, 2008
New York, New York

J. MICHAEL McMAHON, Clerk of the Court

By: _____
             Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROOCHI TRADERS INCORPORATED,

*Plaintiff,*

-against-

TIP TOP TEES INC., GLAMOUR LINE INC.,
GLAMOUR (USA), INC., ALPHA
MERCHANDISING CORP., ROSE DEAL,
INC., HARYASH PAUL, MOHAMMED
RAHMAN, MOHAMMED FAROQUE, JOHN
DOES 1-10, JANE DOES 1-10, and XYZ
COMPANIES 1-10,

*Defendants.*

CIVIL ACTION NO. 08-cv-3544 (WHP)

ECF Case

**[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

This action having been commenced against Defendants Rose Deal, Inc. and Mohammed

Faroque on April 22, 2008, and April 27, 2008, respectively, by the filing of the Summons and

Complaint; and affidavits of service having been filed with this Court on April 29, 2008, and

May 2, 2008, respectively; and Defendants Rose Deal, Inc. and Mohammed Faroque not having

answered or otherwise responded to the Complaint; and the time for such response having

expired; and the Court having reviewed all the pleadings and papers on file in this action,

Now, on motion of Plaintiff,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that a final Default Judgment

in favor of Plaintiff Roochi Traders, Inc. and against Defendants Rose Deal, Inc. and Mohammed

Faroque is hereby granted and ordered entered as follows:

1.      That this Court has jurisdiction over the subject matter hereof and over the parties hereto.

2.      That Plaintiff is the owner of all right, title and interest in and to the trademark COTTON

HERITAGE, as partially evidenced by United States Trademark Registration No. 2,595,692 (the

"COTTON HERITAGE Mark").

3.      That Defendants Rose Deal, Inc. and Mohammed Faroque have, without authorization

from Plaintiff, (a) counterfeited and infringed plaintiff's trademark rights in and to the COTTON

HERITAGE Mark; (b) engaged in acts constituting false designation of origin with respect to the

COTTON HERITAGE Mark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §

1125(a); (c) engaged in acts constituting a violation of the Racketeering Influenced and

Corruption Organizations Act, 18 U.S.C. § 1961 *et seq.*; (d) engaged in acts constituting

common law trademark infringement; (e)  engaged in acts constituting a violation of New York

General Business Law § 360-1 with respect to the COTTON HERITAGE Mark; and (g) engaged

in acts constituting a violation of New York General Business Law § 349 with respect to the

COTTON HERITAGE Mark.

4.      That plaintiff has suffered, is suffering, and will continue to suffer, irreparable damage to

its reputation and goodwill accumulated in the COTTON HERITAGE Mark unless Rose Deal,

Inc. and Mohammed Faroque are restrained by this Court.

5.      That Rose Deal, Inc., including each of its officers, principals, agents, servants,

employees and attorneys, and any persons acting in concert or participation with Rose Deal, Inc.,

and Mohammed Faroque, and any persons acting in concert or participation with Mohammed

Faroque, who receive actual notice of this Order by personal service, service via email, or

otherwise, are hereby permanently enjoined and restrained from:

        (a)      from using Plaintiff's COTTON HERITAGE Mark, or any confusingly

similar variation, in any manner in connection with the advertising, offering for sale, or sale of

2

any product not Plaintiffs, or not authorized by Plaintiff to be sold in connection with Plaintiff's

COTTON HERITAGE Mark;

        (b)     from passing off, inducing, or enabling others to sell or pass off any

product as and for products produced by Plaintiff, which are not Plaintiff's or not produced under

the control and supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's

Trademark;

        (c)     from committing any acts calculated to cause purchasers to believe that

Rose Deal, Inc.'s or Mohammed Faroque's products are those sold under the control and

supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or

produced under the control and supervision of Plaintiff;

        (d)     from further diluting and infringing Plaintiff's Trademark and damaging

Plaintiff's goodwill;

        (e)     from otherwise competing unfairly with Plaintiff in any manner;

        (f)     from shipping, delivering, distributing, returning or otherwise disposing

of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by

Plaintiff to be sold or offered for sale, and which bear Plaintiff's Trademark, including without

limitation any and all t-shirts marked "1927";

        (g)     and from further engaging in racketeering activity as described above.

6.     That Defendants Rose Deal, Inc., and Mohammed Faroque be required upon service of

this Motion to immediately deliver up for destruction their entire inventory of such products

bearing Plaintiff's COTTON HERITAGE Mark.

7.     That, should Plaintiff discovery products bearing Plaintiff's COTTON HERITAGE Mark

in Defendants' possession or control, the United States Marshal for this District or any federal,

state, county or law enforcement officers, assisted by one or more attorneys or agents of Plaintiff,

shall be hereby authorized and directed to seize, impound and deliver to Plaintiff or its

representatives (i) any and all unauthorized and unlicensed merchandise bearing Plaintiff's Mark

as described above; (ii) the means for making same; (iii) the books and records relating thereto,

including, but not limited to, records and data contained in electronic format on computers,

servers, hard drives, zip drives and/or disks; and (iv) the containers or vehicles in which same are

held or transported, which Defendants sell, attempt to sell or hold for sale.

8.      That Plaintiff be referred to the Magistrate Judge for an inquest regarding Plaintiff's

request for monetary damages, attorney's fees and costs, including, but not limited to:

        (a)     An award of statutory damages and that such statutory damages be increased for

willful counterfeiting pursuant to Section 35(c) of the Lanham Act, 15 U.S.C., § 1117(c).

        (b)     An award of three times the amount of damages caused by Defendants' willful

acts of infringement, counterfeiting, racketeering, dilution and unfair competition complained of

herein.

        (c)     An award of punitive damages arising out of the willful nature of Defendants'

activities.

        (d)     An award of costs and disbursements of this civil action, including reasonable

attorneys' fees.

        (e)     An award of such other and further relief as the Court deems just and equitable.

9.     That this Court retains jurisdiction over the parties hereto, and subject matter hereof for

the purpose of any proceedings to enforce this Judgment and the aforesaid injunction.


Dated: June __, 2008
       New York, New York                    _____
                                             United States District Court Judge