UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROOCHI TRADERS INCORPORATED,

*Plaintiff*,

-against-

TIP TOP TEES INC., GLAMOUR LINE INC., GLAMOUR (USA), INC., ALPHA MERCHANDISING CORP., ROSE DEAL, INC., HARYASH PAUL, MOHAMMED RAHMAN, MOHAMMED FAROQUE, JOHN DOES 1-10, JANE DOES 1-10, and XYZ COMPANIES 1-10,

*Defendants*.

CIVIL ACTION NO. 08-cv-3544 (WHP)

ECF Case

---

### AMENDED AFFIDAVIT OF MIMI K. RUPP

1. I am a member of the Bar of this Court and am a member of the law firm of Kenyon and Kenyon, LLP, attorneys for Plaintiff in the above-entitled action. I am fully familiar with all of the facts and circumstances in this action.

2. This affidavit is made pursuant to Rule 55 of the Federal Rules of Civil Procedure and Rules 55.1 and 55.2(b) of the Civil Rules for the Southern District of New York in support of Plaintiff's motion for the entry of a default judgment against Defendants Rose Deal, Inc. and Mohammed Faroque.

3. This is an action for trademark infringement, trademark counterfeiting, unfair competition and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473

(the "Lanham Act") and for violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act as well as trademark infringement, unfair competition, dilution and deceptive acts and practices under the laws of the State of New York.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338 (a) and (b); 15 U.S.C. §§ 1116 and 1121; and 18 U.S.C. § 1964. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiff's claims for trademark infringement, unfair competition, dilution and unlawful deceptive acts and practices under the laws of the State of New York.

5. This Court has personal jurisdiction over Defendant Rose Deal, Inc. Upon information and belief, Rose Deal, Inc. is a corporation registered in the State of New York, listed as "Active" with the NYS Department of State; upon information and belief, Rose Deal, Inc. has a place of business at 33-02 Broadway, Astoria, NY, 11106.

6. This Court has personal jurisdiction over Defendant Mohammed Faroque. Upon information and belief, Mohammed Faroque is an individual conducting and transacting extensive, systematic and continuous business at 33-02 Broadway, Astoria, NY, 11106.

7. This action was commenced against Defendants Rose Deal, Inc. and Mohammed Faroque on April 22, 2008, and April 27, 2008, respectively, by the filing of the Summons and Complaint; and affidavits of service were filed with this Court on April 29, 2008, and May 2, 2008, respectively.

8. Upon information and belief, Defendant Rose Deal, Inc. is a corporation and is neither an infant or incompetent.

9. Upon information and belief, Defendant Mohammed Faroque is an individual who is neither an infant nor incompetent.

10. In its proposed default judgment, Plaintiff seeks a permanent injunction. Also sought is an inquest to determine the propriety of an award to Plaintiff of damages, attorney's fees, costs and disbursements of this action.

11. This relief has not been requested previously against Defendants Rose Deal, Inc. and Mohammed Faroque. No part of the judgment sought against Defendants Rose Deal, Inc. and Mohammed Faroque has been paid. Defendants Tip Top Tees, Inc., Glamour Line Inc., Alpha Merchandising Corp., and Haryash Paul have paid Plaintiff the sum of $13,173.50, pursuant to the Consent Judgment and Permanent Injunction (D.I. 56), filed on June 27, 2008.

Dated: July 1, 2008
New York, New York

By: _____
Mimi K. Rupp

Sworn to before me this 1st
day of July, 2008

_____
NOTARY PUBLIC

PHILLIP K. LUM
Notary Public, State of New York
No. 01LU5028462
Qualified in New York County
Commission Expires May 31, 20 10