UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



ROOCHI TRADERS INCORPORATED,

    *Plaintiff,*

-against-

TIP TOP TEES INC., GLAMOUR LINE INC., GLAMOUR (USA), INC., ALPHA MERCHANDISING CORP., ROSE DEAL, INC., HARYASH PAUL, MOHAMMED RAHMAN, MOHAMMED FAROQUE, JOHN DOES 1-10, JANE DOES 1-10, and XYZ COMPANIES 1-10,

    *Defendants.*

CIVIL ACTION NO. 08-cv-3544 (WHP)

ECF Case

### [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION

This action having been commenced against Defendants Rose Deal, Inc. and Mohammed Faroque on April 22, 2008, and April 27, 2008, respectively, by the filing of the Summons and Complaint; and affidavits of service having been filed with this Court on April 29, 2008, and May 2, 2008, respectively; and Defendants Rose Deal, Inc. and Mohammed Faroque not having answered or otherwise responded to the Complaint; and the time for such response having expired; and the Court having reviewed all the pleadings and papers on file in this action,

Now, on motion of Plaintiff,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that a final Default Judgment in favor of Plaintiff Roochi Traders, Inc. and against Defendants Rose Deal, Inc. and Mohammed Faroque is hereby granted and ordered entered as follows:

1.    That this Court has jurisdiction over the subject matter hereof and over the parties hereto.

2.  That Plaintiff is the owner of all right, title and interest in and to the trademark COTTON HERITAGE, as partially evidenced by United States Trademark Registration No. 2,595,692 (the "COTTON HERITAGE Mark").

3.  That Defendants Rose Deal, Inc. and Mohammed Faroque have, without authorization from Plaintiff, (a) counterfeited and infringed plaintiff's trademark rights in and to the COTTON HERITAGE Mark; (b) engaged in acts constituting false designation of origin with respect to the COTTON HERITAGE Mark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (c) engaged in acts constituting a violation of the Racketeering Influenced and Corruption Organizations Act, 18 U.S.C. § 1961 *et seq.*; (d) engaged in acts constituting common law trademark infringement; (e) engaged in acts constituting a violation of New York General Business Law § 360-1 with respect to the COTTON HERITAGE Mark; and (g) engaged in acts constituting a violation of New York General Business Law § 349 with respect to the COTTON HERITAGE Mark.

4.  That plaintiff has suffered, is suffering, and will continue to suffer, irreparable damage to its reputation and goodwill accumulated in the COTTON HERITAGE Mark unless Rose Deal, Inc. and Mohammed Faroque are restrained by this Court.

5.  That Rose Deal, Inc., including each of its officers, principals, agents, servants, employees and attorneys, and any persons acting in concert or participation with Rose Deal, Inc., and Mohammed Faroque, and any persons acting in concert or participation with Mohammed Faroque, who receive actual notice of this Order by personal service, service via email, or otherwise, are hereby permanently enjoined and restrained from:

    (a)  from using Plaintiff's COTTON HERITAGE Mark, or any confusingly similar variation, in any manner in connection with the advertising, offering for sale, or sale of

any product not Plaintiffs, or not authorized by Plaintiff to be sold in connection with Plaintiff's COTTON HERITAGE Mark;

(b) from passing off, inducing, or enabling others to sell or pass off any product as and for products produced by Plaintiff, which are not Plaintiff's or not produced under the control and supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's Trademark;

(c) from committing any acts calculated to cause purchasers to believe that Rose Deal, Inc.'s or Mohammed Faroque's products are those sold under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

(d) from further diluting and infringing Plaintiff's Trademark and damaging Plaintiff's goodwill;

(e) from otherwise competing unfairly with Plaintiff in any manner;

(f) from shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's Trademark, including without limitation any and all t-shirts marked "1927";

(g) and from further engaging in racketeering activity as described above.

6. That Defendants Rose Deal, Inc., and Mohammed Faroque be required upon service of this Motion to immediately deliver up for destruction their entire inventory of such products bearing Plaintiff's COTTON HERITAGE Mark.

7. That, should Plaintiff discovery products bearing Plaintiff's COTTON HERITAGE Mark in Defendants' possession or control, the United States Marshal for this District or any federal,

state, county or law enforcement officers, assisted by one or more attorneys or agents of Plaintiff, shall be hereby authorized and directed to seize, impound and deliver to Plaintiff or its representatives (i) any and all unauthorized and unlicensed merchandise bearing Plaintiff's Mark as described above; (ii) the means for making same; (iii) the books and records relating thereto, including, but not limited to, records and data contained in electronic format on computers, servers, hard drives, zip drives and/or disks; and (iv) the containers or vehicles in which same are held or transported, which Defendants sell, attempt to sell or hold for sale.

8. That Plaintiff be referred to the Magistrate Judge for an inquest regarding Plaintiff's request for monetary damages, attorney's fees and costs, including, but not limited to:

 (a) An award of statutory damages and that such statutory damages be increased for willful counterfeiting pursuant to Section 35(c) of the Lanham Act, 15 U.S.C., § 1117(c).

 (b) An award of three times the amount of damages caused by Defendants' willful acts of infringement, counterfeiting, racketeering, dilution and unfair competition complained of herein.

 (c) An award of punitive damages arising out of the willful nature of Defendants' activities.

 (d) An award of costs and disbursements of this civil action, including reasonable attorneys' fees.

 (e) An award of such other and further relief as the Court deems just and equitable.

9. That this Court retains jurisdiction over the parties hereto, and subject matter hereof for the purpose of any proceedings to enforce this Judgment and the aforesaid injunction.

Dated: ~~June~~ July 10, 2008
New York, New York

_____
United States District Court Judge
William H. Pauley III